UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY L. JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MGM HOLDINGS INC.; METRO-GOLDWYN-MAYER STUDIOS INC.; TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC; and TWENTY FIRST CENTURY FOX, INC., DOES 1-10, inclusive,<br><br>Defendants. | No. 2:17-cv-00541<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

## I. INTRODUCTION

Defendants MGM Holdings Inc., Metro-Goldwyn-Mayer Studios Inc., Twentieth Century Fox Home Entertainment LLC, and Twenty-First Century Fox, Inc. ("Defendants"), respectfully give notice of the removal of this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332 and 1441.  Removal to this Court is proper because this Court has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA").  28 U.S.C. § 1332(d).

## II. JURISDICTION

1. Plaintiff Mary L. Johnson ("Plaintiff") filed this putative class action suit against Defendants on or about March 6, 2017, under King County Superior Court Case No. 17-2-05206-0 SEA ("State Court Action").

NOTICE OF REMOVAL TO FEDERAL COURT - 1
CASE NO. 2:17-CV-00541

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

2. Under CAFA, district courts have original jurisdiction over putative class actions in which the matter in controversy exceeds $5,000,000, at least one plaintiff is not a citizen of the same state as any defendant, and none of the exceptions to asserting jurisdiction apply. 28 U.S.C. § 1332(d). Removal under CAFA is appropriate when the jurisdictional prerequisites are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To remove a case a defendant must only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Such a short and plain statement "need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

3. Based on the allegations in Plaintiff's Complaint and facts known to Defendants, this Court has subject matter jurisdiction under CAFA because: (i) the matter in controversy exceeds $5,000,000, 28 U.S.C. § 1332(d)(2); (ii) it is a putative class action as that term is defined in § 1332(d)(1)(B); (iii) Plaintiff is a citizen of a state different from any Defendant, § 1332(d)(2)(A); (iv) no defendant is a citizen of Washington, the state in which the Action was originally filed, § 1332(d)(3)-(4); and (v) the jurisdictional exceptions contained in §§ 1332(d)(5) and (9) do not apply.

   **A.   The Amount in Controversy Exceeds $5,000,000**

4. Plaintiff's Complaint alleges that she purchased a box set of films on Blu-Ray called "the James Bond Collection." Compl. ¶¶ 27-28, 49-54. The set contained 23 films, which were accurately listed by name on the box packaging. *Id*. ¶¶ 27, 32-33. Not among those 23 films were the 1967 spoof entitled *Casino Royale* and the 1983 film entitled *Never Say Never Again*, which are not part of the iconic James Bond canon of films produced by Eon Productions. *Id*. ¶ 22. These films were not included in the list clearly printed on the box set packaging. Nevertheless, Plaintiff claims that she would not have purchased the box set had she realized that *Casino Royale* and *Never Say Never Again* were not among the films it

NOTICE OF REMOVAL TO FEDERAL COURT - 2
CASE NO. 2:17-CV-00541

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1  contained. *Id*. ¶¶ 53-54.

2  5.  Plaintiff seeks to represent a putative nationwide class of persons who, since March 6, 2013, purchased the "James Bond Collection" set or one of two other sets: the "James Bond 50" and the "Ultimate James Bond Collection." Compl. ¶ 66. The packaging of these two other box sets also clearly stated the number and titles of the films they included and did not state that they included *Casino Royale* or *Never Say Never Again*. Compl. ¶¶ 30-33.

6.  Plaintiff alleges that she purchased the James Bond Collection box set for $106.44 and that purchasing *Casino Royale* and *Never Say Never Again* separately would cost her $69.37. Compl. ¶¶ 49, 59. Defendants' records show that, since March 6, 2013, they have sold more than 72,078 copies of the three sets listed in Plaintiff's Complaint. Thus, using even the lesser of these two amounts as the measure of damages for each putative class member, the amount in controversy in this case exceeds $5,000,000 (72,078 units multiplied by $69.37 equals $5,000,050.86). 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

**B.  The Remaining CAFA Jurisdiction Requirements Are Met**

7.  Plaintiff purports to bring a putative "class action" as that term is defined by 28 U.S.C. § 1332(d)(1)(B). It was filed under Washington Superior Court Rule 23 (titled "Class Actions") which is "similar" to rule 23 of the Federal Rules of Civil Procedure and "authoriz[es] an action to be brought by 1 or more representative persons as a class action." *Id*.

8.  Plaintiff is a citizen of Washington State. Compl. ¶ 2. Defendants are Delaware Corporations whose headquarters and principal places of business are in New York and California. Compl. ¶¶ 3-10.[1] Therefore, this case satisfies the citizenship requirement for

---

[1] Though it is not relevant to this motion, Defendants note that Twenty-First Century Fox, Inc. has its principal place of business in the same location as its headquarters, New York, and not in California, as Plaintiffs allege. Compl. ¶ 8.

NOTICE OF REMOVAL TO FEDERAL COURT - 3
CASE NO. 2:17-CV-00541

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

CAFA jurisdiction contained in 28 U.S.C. § 1332(d)(2)(A).

9. No Defendant is a citizen of Washington State. The discretionary and mandatory exceptions to CAFA jurisdiction contained in 28 U.S.C. § 1332(d)(3) and (4) therefore do not apply.

10. Finally, the jurisdictional exceptions contained in 28 U.S.C. § 1332(d)(5) do not apply because there are more than 100 persons in the putative class and no Defendants "are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." *Id.* Nor do the exceptions in § 1332(d)(9) apply because this is not an action involving "a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E))," a case "that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized," or one "that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder)."

### III.  REMOVAL IS PROCEDURALLY APPROPRIATE

11. **Timeliness.** This removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which permits removal within 30 days after service of a complaint. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354-55 (1999) (defendant's deadline for removal under 28 U.S.C. 1446(b) does not begin to run until formal service is effectuated).

12. On March 8, 2017, Plaintiff served Defendants Metro-Goldwyn-Mayer Studios Inc., Twentieth Century Fox Home Entertainment LLC and Twenty-First Century Fox, Inc. with a summons, copy of Plaintiff's Complaint, and state court scheduling order.

13. On March 17, 2017, Plaintiff served Defendant MGM Holdings Inc. with a summons, copy of Plaintiff's Complaint, and state court scheduling order.

14. This Notice of Removal is timely filed within 30 days after Defendants were

NOTICE OF REMOVAL TO FEDERAL COURT - 4
CASE NO. 2:17-CV-00541

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

served with the Summons and Complaint.

15. **Venue.**  Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Western District of Washington is the district and division within which this action is pending.

16. **Intradistrict Assignment (Local Civil Rule 101(e))**.  This case is removed from King County Superior Court and so assignment to the Seattle Division is appropriate. LCR 3(d)(1).

17. **Consent.**  All named Defendants consent to removal of this matter to federal court.

18. **State Court Pleadings.**  As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders served on the removing party to date are attached to the Declaration of John S. Devlin as Exhibits 1-7.

19. **Notice.**  Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal Defendants shall give written notice to Plaintiff's counsel and shall file a copy of this Notice with the clerk of the Superior Court for the County of King.

20. **Signature.**  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

## IV. CONCLUSION

21. Based on the foregoing, Defendants hereby remove this action from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington.

DATED:  April 7, 2017.

NOTICE OF REMOVAL TO FEDERAL COURT - 5
CASE NO. 2:17-CV-00541

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1
2
                              LANE POWELL PC

3
                              By *s/John S. Devlin*
4                                   John S. Devlin III, WSBA No. 23988
                                  devlinj@lanepowell.com
5                                   1420 Fifth Avenue, Suite 4200
                                  PO Box 91302
6                                   Seattle, WA 98111-9402
                                  T: 206.223.7000
7                                   F: 206.223.7107

8                             Attorneys for Defendants MGM Holdings Inc.,
                            Metro-Goldwyn-Mayer Studios Inc., Twentieth
9                             Century Fox Home Entertainment LLC, and
                            Twenty-First Century Fox, Inc.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

NOTICE OF REMOVAL TO FEDERAL COURT - 6
CASE NO. 2:17-CV-00541

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the attorneys of record.

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED April 7, 2017, at Seattle, Washington.

*s/ Leah Burrus*
Leah Burrus

NOTICE OF REMOVAL TO FEDERAL COURT - 7
CASE NO. 2:17-CV-00541

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107