UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY L. JOHNSON, a Washington resident,

Plaintiff,

v.

METRO-GOLDWYN-MAYER STUDIOS INC., TWENTIETH-CENTURY FOX HOME ENTERTAINMENT LLC., MGM HOLDINGS INC., and TWENTY-FIRST CENTURY FOX INC., Delaware corporations,

Defendants.

Case No. C17-541 RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

"Will the real 'James Bond' please stand up?"[1] This case hinges on which films should and should not be included in DVD and Blu-ray box-sets of "all" James Bond films. This matter comes before the Court on Defendants Metro-Goldwyn-Mayer ("MGM") Studios Inc., Twentieth-Century Fox Home Entertainment LLC., MGM Holdings Inc. ("MGM Holdings"), and Twenty-First Century Fox Inc.'s Rule 12(b)(6) Motion to Dismiss. Dkt. #17. Specifically,

---

[1] *See* the back-panel packaging of MGM and Twentieth Century Fox's 2011 *Casino Royale Collector's Edition* in Blu-ray. CASINO ROYALE (1967).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS - 1

Defendants request dismissal of Plaintiff's three claims: violation of the Washington State's Consumer Protection Act ("WCPA"), RCW § 19.86.090, breach of express warranty, and breach of implied warranty of merchantability. Dkt. #1-2 at ¶¶ 80, 82, and 88. Defendants also move to dismiss all claims against corporate parents MGM Holdings and Twenty-First Century Fox. In the alternative, Defendants move to strike class allegations. Plaintiff Mary L. Johnson opposes Defendants' Motion, arguing that she has alleged facts sufficient for the Court to find Defendants violated the WCPA, and breached an express warranty and implied warranty of merchantability. Dkt. #27.

At this time, the Court will *Live and Let Die*:[2] For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion.

## II.  BACKGROUND

On March 17, 2016, Plaintiff, Mary L. Johnson, filed suit against Defendants, MGM Studios Inc. and Twentieth-Century Fox Home Entertainment LLC., and their respective corporate parents MGM Holdings and Twenty-First Century Fox Inc., in King County Superior Court. Dkt. #1-2. Plaintiff is a Washington State resident. *Id.* at ¶ 2. All four Defendants are incorporated in Delaware with principal places of business in California. *Id.* at ¶ 48.

Plaintiff alleges Defendants falsely represent their James Bond DVD and Blu-ray box-sets, advertising their inclusion of "all" James Bond movies. *Id.* at ¶ 35. Plaintiff claims two James Bond movies were omitted from Defendants' box-sets, and brought this class action on behalf of consumers in multiple states who were similarly misled. Dkt. #1-2 at 2-3. This case was removed to the United States District Court for the Western District of Washington on April 7, 2017. Dkt. #1.

---

[2] LIVE AND LET DIE (1973).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS - 2

Defendant MGM acquired the video rights to all James Bond films produced by Eon Productions, a company based in the United Kingdom. Dkt. #1-2 at ¶¶ 14, 19. In 1997, Defendant MGM acquired the rights to the 1967 film *Casino Royale* and 1983 film *Never Say Never Again*. *Id.* at 2. Eon Productions did not produce these two films. Both *Casino Royale* and *Never Say Never Again* were excluded from the Defendants' box-sets. *Id.*

Defendant Twentieth Century Fox distributes movies in DVD and Blu-ray formats. *Id.* at ¶ 16. Since 1999, Defendants MGM and Twentieth Century Fox have maintained video distribution agreements. *Id.* at ¶ 17. Pursuant to these agreements, Twentieth Century Fox handles all marketing and distribution of James Bond DVDs and Blu-rays for MGM. *Id.*

From 2012 to 2016, Defendants released three James Bond DVD and Blu-ray box-sets for sale. *Id.* at 2. In 2012, Defendants released a DVD box-set entitled *Bond 50, Celebrating Five Decades of Bond 007*, including 22 films produced by Eon Productions. *Id.* at ¶ 23. In 2015, Defendants released another DVD box-set, entitled *The Ultimate James Bond Collection,* including 23 films. *Id.* at ¶ 26-27. Finally, in 2016, Defendants released a Blu-ray box-set, entitled *The James Bond Collection*, also including 23 films. *Id.* at ¶ 29. The box-sets' packaging include MGM and Twentieth Century Fox trademarks, and a small-print list of included films. The box-sets' packaging does not note the existence or omission of *Casino Royale* and *Never Say Never Again*. *Id.* at ¶ 34.

MGM maintains video rights to EON Production films, as well as *Casino Royale* and *Never Say Never Again*. *Id.* at ¶ 40. However, only the EON films were included in the box-sets. *Id.* The Blu-ray Collector's Edition of *Casino Royale* contains both Defendants MGM and Twentieth Century Fox trademarks. *Id.* at ¶ 46. The Blu-ray Collector's Edition of *Never Say Never Again* only features Defendant Twentieth Century Fox's trademark. *Id.* at ¶ 43.

The three box-sets and two Blu-rays are sold individually at "brick and mortar" stores and on Amazon.com ("Amazon"). *Id.* at ¶¶ 50, 52. Additionally, MGM's website offers sales through Amazon. *Id.* at ¶ 57. In February 2016, Plaintiff purchased one of the box-sets from Amazon for $106.44. *Id*. at ¶ 49. Plaintiff claims Amazon "served as intermediary in the transaction between Plaintiff and Defendants," and Amazon "reproduce[d] Defendants' false and misleading representations that the box-sets contain 'all' of the James Bond movies." *Id.* at ¶ 51. At the time Plaintiff filed her complaint, Amazon sold *Casino Royale* and *Never Say Never Again* for $29.99 and $39.38, respectively. *Id.* at ¶ 58.

Plaintiff contends she purchased a box-set, relying on its claim to contain "[a]ll the Bond films," and she would not have purchased a box-set if she knew it excluded *Casino Royale* and *Never Say Never Again*. *Id.* at ¶ 54. Nor would she have purchased the box-set at the price she paid. *Id.* Plaintiff claims by excluding these two films Defendants misled her and engaged in "unfair and deceptive business practices," resulting in her loss of money. *Id.* at ¶ 51. To complete her collection of James Bond films, Plaintiff would need to spend an additional $69.37 plus tax and shipping. *Id.* at ¶ 59. Plaintiff claims Defendants knew or should have known that purchasers would rely on packaging statements and expect the box-sets included all the James Bond films. *Id.* at ¶ 62.

On March 17, 2016, Plaintiff filed her Complaint, seeking money damages from past and future profits obtained from Defendants alleged deception and unjust enrichment. *Id*. at ¶ 63-64. Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

### III. DISCUSSION

**A. Legal Standard**

In making a Rule 12(b)(6) assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. WCPA Claim**

The WCPA makes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . unlawful." RCW § 19.86.020. Trade and commerce include the "sale of [items of value], and any commerce directly or indirectly affecting the people of the state of Washington." RCW § 19.86.010(2)-(3). Claimants alleging "unfair or deceptive act or practice" must plead the act or practice injures the public interest by violating a statute or injuring other persons in the past, present, or future. RCW § 19.86.093(1)-(3). To

determine "'if there is a representation, omission or practice that is likely to mislead' [or deceive] a reasonable consumer," courts review language as the least sophisticated reader would. *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009) (en banc) (citing *Sw. Sunsites, Inc. v. Fed. Trade Comm'n,* 785 F2d 1431, 1435 (9th Cir. 1986); *Jeter v. Credit Bureau, Inc.*, 760 F.2d. 1188, 1171 (11th Cir. 1985)).

Plaintiff alleges Defendants violated the WCPA through false statements printed on the packaging of three James Bond DVD and Blu-ray box-sets. Plaintiff further alleges the sales of the box-sets with misleading packaging "constitute unfair or deceptive acts or practices in trade or commerce that affects the public interest that has caused injury to Plaintiff's business or property and the Class's business or property." Dkt. #1-2 at ¶ 79.

Defendants assert Plaintiff knew or should have known the box-sets' contents because a reasonable consumer would review the box-sets' outer packaging and open the box-sets to review their inner contents. Dkt. #17 at 27. Lastly, Defendants' Motion asserts the term "all" is not actionable as a deceptive act. *Id.* at 18.

Citing *Freeman v. Time Inc.*, Defendants assert that under a "reasonable consumer standard" the label's language should be considered in the "context" of the entire package, rather than as an individual statement. 68 F.3d 285, 289 (9th Cir. 1995); Dkt. #17 at 14. Defendants rebut Plaintiff's claim that the words "all" and "every" mislead consumers to believe all James Bond films ever made are included in the box-sets, since the box-sets' bottom packaging lists which films are included. *Id.* *Freeman* holds that a reasonable consumer reads all text and disclaimers, rather than just bolded text. 68 F.3d at 290. In *Bobo v. Optimum Nutrition, Inc.*, similar arguments were made vis-a-vis product packaging including disclaimers with instructions and ingredient lists. NO. 14CV2408, 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015). Here,

Defendants argue a reasonable consumer would review the box-sets' packaging in its entirety, including its listed films. Dkt. #17 at 16. From this list, a consumer would make an educated decision whether or not to purchase the box-sets. *Id.*

While the box-sets' packaging includes a list of films, these lists do not disclose the omission of *Casino Royale* and *Never Say Never Again*. Plaintiff notes that packaging may be accurate yet deceptive, and that a package's representation may be unfair without being deceptive. Dkt. #27 at 12-13 (citing *Panag*, 204 P.3d at 895); *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013) (en banc)). Thus, Plaintiff argues, even though the box-sets accurately list which films are included, a reasonable consumer may be deceived by the omission of the two James Bond films.

Plaintiff equates the box-sets to nutrition labels on packaged food. Specifically, Plaintiff cites *Williams v. Gerber Prod. Co.*, in which fruit snack packaging was found to be deceiving. 552 F.3d 934 (9th Cir. 2008). "Reasonable consumers should not be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id.* at 939. Plaintiff argues that "[t]he reasonable consumer here has no reason to doubt that the 'ingredient list' reflects something other than 'all' of the Bond Films and that she can rely on the Defendants' representations. Yet, it does not." Dkt. #27 at 17. Since Defendants do not address whether a reasonable consumer would know *Casino Royale* and *Never Say Never Again* were excluded, the Court finds Defendants' "packaging in its context" defense unconvincing.

Defendants next argue the box-sets' inner packaging adequately informs consumers which films are included. Defendants cite *In re Samsung Elecs. Am., Inc. Blu-Ray Class Action Litig.*, in which the court denied a breach of implied warranty claim when the inside packaging

clearly disclosed contents and features of the product. No. 08-0663(JAG), 2008 WL 5451024, at *4 (D.N.J. Dec. 23, 2008). Also cited is *Berenblat v. Apple, Inc.*, where a claim of breach of implied warranty of merchantability was dismissed because the plaintiff had pre-sale notice of the warranty included inside the product's packaging. No 08-4969 JF (PVT), 2010 WL 1460297, at *3-4; Dkt. #27 at 19. Similar to Defendants' application of *Freeman* and *Bobo*, their application of *Samsung* and *Benenblat* does not address how a reasonable consumer would know *Casino Royale* and *Never Say Never Again* are omitted.

Next, Defendants claim Plaintiff's reliance on the box-sets' terms "all" and "every" are not actionable. Defendants cite the unpublished opinion in *Babb v. Regal Marine Indus., Inc.*, in which the court held statements that are "mere puffery" and "subjective" are not actionable. Dkt. #17 at 17-18; No. 4934-4-II, 2014 WL 690154, at *3 (Wash. App. Feb. 20, 2014). Defendants equate "all" and "every" to puffery. *Id*. However, in *Babb*, plaintiff relied on milder language: "strive[s] to provide exceptional customer service." *Babb* at *1. Here, Defendants do not cite cases defining "all" or "every" as puffery. Defendants' Motion also neglects the fact that "a statement is considered puffery if the claim is extremely unlikely to induce consumer reliance." *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (citing *Cook, Perkiss, & Liehe v. Northern California Collection Service, Inc.*, 911 F.2d 242 (9th Cir. 1990)). Defendants contend that an objective standard of "all" cannot be applied to James Bond films because the inclusion of films "is a matter of artistic judgement." Dkt. #29 at 9. On Reply, Plaintiff emphasizes that "all" and "every" "are neither subjective nor vague." Dkt. #27 at 20.

The Court finds the questions of how a reasonable person would interpret "all" and "every" and what qualifies as a James Bond film remain for the trier of fact to decide. These terms are not unequivocally puffery as a matter of law. Defendants fail to adequately address

Plaintiff's argument as to the omission of *Casino Royale* and *Never Say Never Again* or the need for a disclaimer. Dkt. #27 at 14, 16. Even if a reasonable consumer examines the box-sets' entire packaging, they would only know which films are included. That consumer would *not* know whether the box-set includes "all" James Bond films or which films are excluded. This could constitute a deceptive act under the WCPA. The Court finds Plaintiff has adequately pled a claim for relief under the WCPA.

### C. Breach of Express Warranty Claim

Plaintiff pleads Defendants breached an express warranty by omitting *Casino Royale* and *Never Say Never Again*, causing damage to Plaintiff and Putative Class members. Dkt. # 1-2 at ¶¶ 84-85.

Defendants contend that Plaintiff's actual knowledge of the box-sets' contents nullifies her claim for breach of express warranty. Dkt. #17 at 19. Defendants state "an express warranty is not created if the buyer has 'actual or imputed knowledge of the true condition of the good.'" Dkt. #17 at 18 (citing *Fed. Signal Corp. v. Safety Factors, Inc.*, 886 P.2d 172, 179 (Wash. 1994)). Defendants also cite *Bryant v. Wyeth*, in which a medication's packaging did not create an express warranty because it included general statistics about health risks rather than promises about the drug's safety. 879 F. Supp. 2d 1214, 1227 (W.D. Wash. 2012).

Defendants cite RCW § 62A.2-313(2), "a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty," but omit RCW § 62A.2-313(1)(a), "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." The Supreme Court of Washington remanded *Fed. Signal Corp. v. Safety Factors, Inc.* in part to determine if the seller's statements met RCW §

62A.2-313(1)(a)'s requirement of an "affirmation of fact or promise" to establish an express warranty. 886 P.2d 172, 178 (Wash. 1994). "The more specific a statement, the more likely it is an affirmation of fact or a promise." *Id*. In that case, the Court noted that written statements in advertisements and brochures are "less likely to be puffery." *Id*. at 179.

As the Court has already found, the record shows only that Plaintiff could have had actual or imputed knowledge of the included films, not the excluded ones, and thus not whether "all" James Bond Films were included. Plaintiff's Response notes, "[w]hether statements constitute an express warranty on which a buyer relies involves questions of fact for a jury to resolve." Dkt. #27 at 21 (citing *Berschauer Phillips Const. Co. v. Concrete Sci. Servs. Of Seattle, L.L.C.*, 135 Wash. App. 1025 (2006)). Therefore, the Court must leave it to the jury to determine whether the box-sets' representations establish an affirmation of fact or promise of a complete compilation of James Bond movies under RCW § 62A.2-313(1)(a). Likewise, a jury must determine whether a reasonable person would expect *Casino Royale* and *Never Say Never Again* to be included in a complete set of James Bond films. The Court agrees that the pleadings, taken as true, create questions of fact which preclude dismissal at this stage. From the Defendants' perspective, this claim will have to *Die Another Day*.[3]

**D. Breach of Implied Warranty of Merchantability Claim**

Plaintiff asserts she purchased a box-set that did not comply with its contracted description, resulting in a breach of implied warranty under on RCW § 62A.2-314. Dkt. #1-2 at ¶ 90. A good is merchantable when it conforms to its contract description, contain the "quality and quantity" permitted by the agreement, is adequately labeled, and "conform[s] to the promises or affirmations of fact made on the container or label." RCW § 62A.2-314(2)(a-f).

---

[3] DIE ANOTHER DAY (2002).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS - 10

Defendants argue there is no contractual relationship between the parties from which a breach of implied warranty of merchantability could arise. Dkt. #29 at 10. Under Washington State law, "lack of privity . . . [is] a defense to claims of breach of warranty." *Tex. Enters., Inc. v. Brockway Standard, Inc.*, 66 P.3d 625, 628 (Wash. 2003). Defendants claim Plaintiff is a "vertical non-privity plaintiff" who purchased her box-set from Amazon, an intermediate distributor. Dkt. #29 at 10. In other words, a "'vertical' non-privity plaintiff' is a buyer who is in the distributive chain, but did not buy the product directly from the defendant." *Tex. Enters., Inc.*, 66 P.3d at 628. Typically, there is no implied warranty when a purchaser buys a product from an intermediate distributor. *Id*. at 626.

Plaintiff argues she meets a third-party beneficiary exception to the privity rule. Dkt. #27 at 22. Under the "sum of the interaction" and "expectation" tests, implied warranties are enforceable if the manufacturer was involved in the transaction, knew the purchaser's identity and purpose, communicated with the purchaser, or delivered the good. *Id.* at 22-23 (citing *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 831 P.2d 724, 730 (Wash. 1992) (en banc)). However, third-party beneficiaries are not entitled to recovery when a manufacturer is unaware of the party's identity or did not intended to sell to that particular party. *Id.* (citing *Tex. Enters., Inc.*, 66 P.3d at 629). In *Lohr v. Nissan North America, Inc.*, this Court dismissed plaintiff's breach of implied warranty claims against defendant-manufacturer who did not know the plaintiff's identity. No. C16-1023, 2017 WL 1037555, at *7 (W.D. Wash. Mar. 17, 2017). Even though plaintiff purchased an automobile from an authorized dealership contracted with defendant-manufacturer, plaintiff had not pled facts to conclude they were a third-party beneficiary. *Id*. Similar to automobiles in *Lohr*, here purchasers can buy James Bond box-sets directly from Defendants or from authorized distributors. While Defendants have their

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS - 11

own Amazon webpage on which they sell products, Plaintiff has not pled whether she purchased her box-set from Defendants' Amazon page or another Amazon page. Dkt. #29 at 11; Dkt. #27 at 21. Accordingly, this claim is properly dismissed for lack of privity.

The Court dismisses this claim with leave to amend. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, sets the standard for dismissing a claim with leaves to amend – "[i]f a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." 806 F.2d 1393, 1401 (9th Cir. 1986) (*citing Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)). Plaintiff may amend her claim once if she discovers sufficient facts to establish privity; thus, this claim may *Only Live Twice*.[4]

### E. Action Against Corporate Parents

The Court finds that Plaintiff has not pled specifics against Defendants' corporate parents, Twenty-First Century Fox and MGM Holdings. In her Complaint, Plaintiff asserts only that Twentieth-First Century Fox makes marketing decisions, not Twenty-First Century Fox. Dkt. #1-2 at ¶ 15. Similarly, Plaintiff's Complaint asserts only that MGM owns the distribution rights to the James Bond movies, not MGM Holdings. Dkt. #1-2 at ¶ 14. Defendants' Motion notes that "Plaintiff has not alleged that either Twenty-First Century Fox or MGM Holdings played any role in the production or sale of the box set at issue and therefore has not stated a claim against either entity." Dkt. #17 at 20. In Plaintiff's Response, she argues that since MGM Holdings and Twenty-First Century Fox may make marketing decisions regarding the box-sets it would be premature for the Court to dismiss this case before discovery:

> None of the Defendants have filed an answer to the Complaint denying such and no discovery has been done in this case. Discovery might reveal the corporate parents in this case are liable to Plaintiff

---

[4] YOU ONLY LIVE TWICE (1967).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS - 12

> on a variety of legal theories that either involve and arise from their own actions vis-à-vis Plaintiff or the Sets or stem solely from the acts of their subsidiary agents. Regardless, the corporate parents' liability (or lack thereof) cannot rightly be determined at this early stage of the litigation given the broad allegations of joint liability set forth in the Complaint and because the principal-agent relationship is normally a question of fact to be decided by the jury 'corporate parents' liability (or lack thereof) cannot be determined at this early stage of litigation.

Dkt. #27 at 23-24 (*citing T-mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184 (W.D. Wash. 2015)). The Court disagrees.

In order for the Court to allow Plaintiff's claims against MGM Holdings and Twenty-First Century Fox continue, Plaintiff's Complaint must have asserted "enough fact[s] to raise a reasonable expectation that discovery [would] reveal evidence," needed to prove Plaintiff's claim. *Twombly*, 550 U.S. at 556. Plaintiff did not do so. Instead, Plaintiff underscores the insufficiency of her pleading, writing that "a variety of legal theories" and "[d]iscovery *might* reveal the corporate parents in this case are liable . . . ." Dkt. #27 at 23-24 (emphasis added). Accordingly, the Court grants Defendants' Motion and will dismiss Plaintiff's claims against MGM Holdings and Twenty-First Century Fox with leave to amend. *See Schreiber*, *supra*.

**F. Class Allegation**

Finally, Defendants move to strike Plaintiff's class allegations on the grounds that Plaintiff's claims are individual rather than common to all consumers and that "Plaintiff's class definition is impermissibly overbroad." Dkt. #17 at 18-19. While some district courts in the Ninth Circuit permit class allegations to be struck at the pleadings stage, most courts decline to strike class allegations prior to class certification motions and discovery. *See Thornell v. Seattle Serv. Bureau*, No. 14-1601, 2015 WL 999915, at 6* (W.D. Wash. Mar. 6, 2015) (citing *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009); *Cruz v. Sky Chefs, Inc.*, No. 12-02705,

2013 WL 1892337, *6 (N.D. Cal. May 6, 2013) (compiling cases)).  Defendants' Motion to strike will be denied at this time.  The Court will defer this matter until class certification.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #17) is GRANTED IN PART AND DENIED IN PART as set forth above.  Specifically:

   a. Plaintiff's claim for violation of the Consumer Protections Act is NOT DISMISSED.

   b. Plaintiff's claim for breach of express warranty is NOT DISMISSED.

   c. Plaintiff's claim for breach of implied warranty or merchantability is DISMISSED WITH LEAVE TO AMEND.

   d. Plaintiff's claim for MGM Holdings and Twenty-First Century Fox liability is DISMISSED WITH LEAVE TO AMEND.

   e. Defendants' Motion to strike class allegation is DENIED.

2) Although *Diamonds Are Forever*,[5] if Plaintiff wishes to amend her Complaint as directed above, she only has <u>fourteen (14) days from the date of this Order.</u>

DATED this 3rd day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] DIAMONDS ARE FOREVER (1971).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS - 14