1

THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9
MARY L. JOHNSON, individually and on
behalf of all others similarly situated,

10

CASE NO. C17-541 RSM

Plaintiff,

11
vs.

**FIRST AMENDED** CLASS ACTION
COMPLAINT FOR:

12

13
MGM HOLDINGS, INC.; METRO-
GOLDWYN-MAYER, INC.; METRO-
GOLDWYN-MAYER STUDIOS, INC.;
METRO-GOLDWYN-MAYER HOME
ENTERTAINMENT, LLC; METRO-
GOLDWYN-MAYER HOME
ENTERTAINMENT DISTRIBUTION
CORPORATION; TWENTIETH CENTURY
FOX HOME ENTERTAINMENT, LLC; and
DOES 1-10, inclusive,

14

15

16

17

1. VIOLATION OF WASHINGTON'S
   CONSUMER PROTECTION ACT;
2. BREACH OF EXPRESS WARRANTIES;
   AND
3. BREACH OF THE IMPLIED
   WARRANTY OF MERCHANTABILITY

**DEMAND FOR JURY TRIAL**

18

Defendants.

19

20
Plaintiff Mary L. Johnson ("**Plaintiff**"), on behalf of herself and all others similarly

21
situated, by and through her undersigned counsel, hereby files her first amended class action

22
complaint against Defendants MGM Holdings, Inc. ("**MGM Holdings**"), Metro-Goldwyn-

23
Mayer, Inc. ("**MGM Inc.**"), Metro-Goldwyn-Mayer Studios, Inc. ("**MGM Studios**"), Metro-

24
Goldwyn-Mayer Home Entertainment, LLC ("**MGM Home**"), Metro-Goldwyn-Mayer Home

25
Entertainment Distribution Corporation ("**MGM Distribution**"), and Twentieth Century Fox

26
Home Entertainment LLC ("**20th Century Fox**").  MGM Holdings, MGM Inc., MGM Home,

MGM Distribution, and 20th Century Fox are each individually a "**Defendant**" and may be

**FIRST AMENDED** CLASS ACTION COMPLAINT - 1

18016-1/ASK/775222



EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1    collectively referred to hereinafter as "**Defendants**".

2    **INTRODUCTION**

3    "Bond, James Bond."  It is one of the iconic and universally known fictional secret

4    agent's very first lines in *Dr. No*, the first James Bond film.  When Bond creator Ian Fleming

5    published his first James Bond novel, *Casino Royale*, in 1953, little did he know that the

6    astounding stunts, twisty plots, improbable villains, sexy girls, and his magnetically attractive yet

7    detached hero, British secret agent James Bond, would become one of the most successful movie

8    franchises in the world.  It has been reported that the James Bond 007 brand is worth close to $20

9    billion ($20,000,000,000).  Of the $20 billion generated by the brand, close to $3 billion

10   ($3,000,000,000) has come from the sales of DVDs and the equivalent.

11   In order to capitalize on the success of the James Bond franchise, beginning in 2012,

12   Defendants released a series of boxed sets of James Bond films on DVD and represented on the

13   packaging of these sets that each set contains "[a]ll the Bond films gathered together for the first

14   time in this one-of-a kind boxed set – every gorgeous girl, nefarious villain and charismatic star

15   from Sean Connery, the legendary actor who started it all, to Daniel Craig."  However, none of

16   these sets contains "all" of the James Bond films or "every" gorgeous girl, nefarious villain, and

17   charismatic star featured therein.  The sets only contain the films produced by Eon Productions, a

18   British-based production company that ultimately sold its video rights to the James Bond movies

19   it produced to MGM Inc. Two additional James Bond films that were not produced by Eon

20   Productions, *Casino Royale* (1967) (in which actor David Niven, Ian Fleming's first choice to

21   play the role of James Bond, plays Bond) and *Never Say Never Again* (1983) (the last of seven

22   (7) James Bond films in which the actor Sean Connery plays James Bond), are not included in

23   the sets — even though MGM Inc. acquired the rights to these two films in 1997, some twenty

24   (20) years ago.

25   Plaintiff Mary Johnson has enjoyed James Bond films since the release of *Dr. No* in

26   1962.  Plaintiff purchased one of the James Bond box sets and relied to her detriment on

*FIRST AMENDED* CLASS ACTION COMPLAINT - 2



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1    Defendants' representations regarding the contents of the set.  As a result, Plaintiff did not

2    receive the product she was led to believe she purchased.  The representations that Defendants

3    make on the James Bond sets are false, mislead consumers (and Plaintiff in particular), and

4    constitute unfair and deceptive business practices in violation of applicable law.

5

6          This class action seeks redress on behalf of a nationwide class of consumers, or,

7    alternatively, a class of consumers from a variety of states, who were misled into purchasing

8    what was represented to be the complete collection of James Bond movies when in fact, it was an

9    incomplete collection.

10                                    **JURISDICTION**

11         1.      Plaintiff filed this putative class action against Defendants on or about March 6,

12    2017 in Seattle, Washington under King County Superior Court Case No. 17-2-05206-0 SEA.

13    Defendants timely removed this case to this Court pursuant to the Class Action Fairness Act

14    ("**CAFA**") and 28 U.S.C. § 1332(d).  This Court has subject matter jurisdiction under CAFA

15    because:  (i) the matter in controversy exceeds $5,000,000, 28 U.S.C. § 1332(d)(2); (ii) it is a

16    putative class action as that term is defined in § 1332(d)(1)(B); (iii) Plaintiff is a citizen of a state

17    different from any Defendant, § 1332(d)(2)(A); (iv) no Defendant is a citizen of Washington, the

18    state in which the action was originally filed, § 1332(d)(3)-(4); and (v) the jurisdictional

19    exceptions contained in §§ 1332(d)(5) and (9) do not apply.

20                                      **PARTIES**

21         2.      Plaintiff Mary L. Johnson is a citizen of the state of Washington and a resident of

22    Pierce County, Washington.

23         3.      Defendant MGM Holdings is a Delaware corporation with its principal place of

24    business located at 245 N. Beverly Drive, Beverly Hills CA 90210.  Upon information and belief,

25    stock in MGM Holdings is traded over the counter on the grey market, under the ticker MGMB.

26         4.      Defendant MGM Inc. is a Delaware corporation with its principal place of

*FIRST AMENDED* CLASS ACTION COMPLAINT - 3

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

business located at 245 N. Beverly Drive, Beverly Hills, CA 90210.

5.      Defendant MGM Studios is a Delaware corporation with its principal place of business located at 245 N. Beverly Drive, Beverly Hills CA 90210. Defendant MGM Studios is a media company, involved primarily in the production and global distribution of feature films and television content across all platforms. Defendant MGM Studios produces and distributes the MGM James Bond DVD box sets. Defendant MGM Holdings is the parent company of Defendant MGM Studios.

6.      Defendant MGM Home is a Delaware limited liability company with its principal place of business located in the County of Los Angeles, State of California.  Upon information and belief, MGM Home is a wholly owned subsidiary of MGM Inc. or MGM Studios that distributes motion pictures released on VHS cassettes, DVDs, laser discs, and/or Blu-ray discs.

7.      Defendant MGM Distribution is a Delaware limited liability company with its principal place of business located in the County of Los Angeles, State of California.   Upon information and belief, MGM Distribution is a wholly owned subsidiary of MGM Inc. or MGM Studios that distributes motion pictures released on VHS cassettes, DVDs, laser discs, and/or Blu-ray discs.

8.      Defendant 20th Century Fox is a Delaware limited liability company with its principal place of business located at 10201 West Pico Blvd. Bldg. 100, Suite 3220, Los Angeles, CA 90035.

9.      Defendant 20th Century Fox distributes motion pictures and other programming in the United States, Canada, and international markets in all home media formats, including the sale and rental of DVDs and Blu-rays.

## FACTUAL ALLEGATIONS

10.     MGM Holdings is a leading entertainment company focused on the global production and distribution of film and television content. It has one of the most well-known brands in the industry, with globally recognized film franchises and television content, a broad

**FIRST AMENDED** CLASS ACTION COMPLAINT - 4

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

collection of valuable intellectual property, and commercially successful and critically acclaimed content. Its operations include the development, production, and financing of feature films and television content and the worldwide distribution of entertainment content primarily through television and digital distribution.[1]

11.     Upon information and belief, as a result of being traded in the grey market, limited public information is available on MGM Holdings.

12.     MGM Holdings is the parent corporation of MGM Inc. In its most recent consolidated financial statements, [2] MGM Holdings refers to itself as "MGM Holdings", "MGM," the "Company", "we", "us" or "our"). *March 2017 Financial Report at p. 3.*

13.     The consolidated financial statements include the accounts of MGM Holdings, a Delaware corporation, and its direct, indirect and controlled majority-owned subsidiaries, including MGM Inc. (collectively, the "**Company**"). *Id.* at p. 14. The overview section of the March 2017 Financial Report states:

> We have historically *generated revenues from the exploitation of our content through traditional distribution platforms, including theatrical, home entertainment and television,* with an increasing contribution from digital distribution platforms in existing and emerging markets. We also generate revenue from the licensing of our content and intellectual property rights for use in consumer products…Our operations include ….the worldwide distribution of entertainment content primarily through television and digital distribution.
> We control one of the deepest libraries of premium film and television content. Our film library includes the *James Bond, Hobbit, Rock, Robocop, Pink Panther and 21 Jump Street* franchises[.] *Id.* at p. 3 (emphasis added).
>
> *Sources of Revenue*
> *Historically, our principal source of revenue has been from the exploitation of our film and television content through traditional distribution platforms, including theatrical, home entertainment and television,* with an increasing contribution from digital distribution platforms in existing and emerging markets.

---

[1] *See* Financial Report of MGM Holdings for Quarter ending March 31, 2017, a copy of which is attached hereto as **Exhibit A** (the "**March 2017 Financial Report**")

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 5

18016-1/ASK/775222

EISENHOWER CARLSON PLLC
*Attorneys at Law*
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

*Id.* at p. 26 (Emphasis added).

*Home Entertainment Distribution*

Home entertainment distribution includes the sales, marketing and promotion of content for physical distribution (DVD, Blu-ray discs)[.]

As with theatrical distribution, while we use the physical distribution services of third parties, *we often have significant involvement in the decision making process regarding key elements of distribution, including the creation of marketing campaigns, pricing levels and the timing of releases, allowing our experienced management team to provide key input in the critical marketing and distribution strategies* while avoiding the high fixed-cost infrastructure required for physical home entertainment distribution. *Id.* at p. 5 (emphasis added).

*Ancillary Businesses*

We license film and television content and other intellectual property rights for use in interactive games and consumer products. Prominent properties that we license in that regard include *James Bond, Pink Panther, Stargate, Rocky/Creed and RoboCop.* p. 6.

14.     MGM Inc., MGM Holdings, and MGM Studios share the same corporate address at 245 North Beverly Drive, Beverly Hills, CA 90210.

15.     MGM Inc. uses or operates a single website for all its various activities, and MGM Holdings and MGM Studios use or operate this same website for all of their various activities.[3] In addition, MGM Inc. uses a single logo in conducting all of its various activities, and MGM Holdings and MGM Studios use this very same logo in conducting all of their various activities. *See id.*

16.     The "Contact" page of the website located on the Internet at www.mgm.com/#/about/contactus reads "MGM Studios Inc. [,] 245 N Beverly Dr [,] Beverly Hills, CA  90210 [,] (310) 449-3000[.]"

17.     There are no other addresses listed on the aforesaid www.mgm.com/#/about/contactus website for any other MGM entities.

18.     MGM Inc. owns the distribution rights to the James Bond movies.  On its website, MGM Inc. and/or MGM Holdings announced the return of James Bond in U.S. theaters on

---

[3] *See* http://www.mgm.com/#/about/investor-relations (last visited August 14, 2017).

**FIRST AMENDED** CLASS ACTION COMPLAINT - 6



EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1  November 8, 2019.[4]

2      19.     According to the March 2017 Financial Report, MGM Holdings derives

3  significant revenues and exercises significant decision making power over its subsidiaries.

4      20.     20th Century Fox distributes motion pictures and other programming in the United

5  States, Canada, and other international markets in all home media formats, including the sale and

6  rental of DVDs and Blu-rays.

7      21.     Upon information and belief, since 1999, MGM Inc. and 20th Century Fox have

8  had a worldwide home video distribution arrangement pursuant to which 20th Century Fox

9  handles marketing and distribution services for all or certain of MGM Inc.'s Blu-ray and DVD

10  products and manages the operation and marketing of Digital JD and transactional VOPD for

11  MGM Inc.'s film library. The James Bond movies are included in this agreement.

12      22.     Upon information and belief, in 2013, 20th Century Fox continued its worldwide

13  home video distribution arrangement with MGM Inc., releasing approximately 583 MGM home

14  entertainment theatrical, catalog, and television programs domestically and 611 internationally.

15      23.     EON Productions is a United Kingdom based production company which

16  produces James Bond films.

17      24.     Upon information and belief, the James Bond franchise is the longest running

18  franchise in film history with twenty-six films produced and released in the theaters from 1962 to

19  date. The first James Bond movie released in the theaters, *Dr. No*, was released in 1962, and the

20  last James Bond movie released in the theaters was *Spectre*, which was released in 2015.

21      25.     Upon information and belief, MGM Inc. is the sole distributor of the James Bond

22  films series produced by EON Productions.

23      26.     Even though MGM Inc. later acquired the rights to distribute them, two James

24  Bond movies, *Casino Royale* (1967) and *Never Say Never Again* (1983) were not produced by

25  EON Productions.

26  _____

[4] *See* http://www.mgm.com/#/news/278 (last visited August 14, 2017).

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 7

18016-1/ASK/775222



EISENHOWER CARLSON PLLC
Attorneys at Law
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1   27.    On or about September 2012, to mark the fiftieth (50th) anniversary of the

2   beginning of the James Bond film franchise, Defendants released their first DVD box set called

3   *Bond 50, Celebrating Five Decades of Bond 007*, which set features and includes 22 original

4   Bond adventures, from *Dr. No* – the movie that started it all – to 2008's *Quantum of Solace* (the

5   **"Bond 50 Set"**).

6   28.    The back side of the box of the Bond 50 Set contains the following

7   representations:  "All the Bond films are gathered together for the first time in this one-of-a kind

8   boxed set – every gorgeous girl, nefarious villain and charismatic star from Sean Connery, the

9   legendary actor who started it all, to Daniel Craig."  The back side of the box of the Bond 50 Set

10   also contains the following representations:  "A fitting tribute to the most iconic and enduring

11   secret agent in movie history, BOND 50 is the greatest collection ever assembled."

12   "BOXED SET CONTENTS:  22 films on DVD from *Dr. No* to *Quantum of Solace*[.]"

13   29.    A true, correct, and unaltered photograph of the back side of the Bond 50 Set is as

14   follows:

15

16   ////

17

18

19

20

21

22

23   ////

24

25

26

*FIRST AMENDED* CLASS ACTION COMPLAINT - 8

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com



30.    On or about July 15, 2015, Defendants released *The Ultimate James Bond Collection* (the "**Ultimate James Bond Collection**").

31.    The back side of the box of the Ultimate James Bond Collection contains the following representations: "All the Bond films are gathered together in this one-of-a kind boxed set – every gorgeous girl, nefarious villain and charismatic star from Sean Connery to Daniel Craig." The back side of the box of the Ultimate James Bond Collection also contains the following representations: "BOXED SET CONTENTS:  23 films on Blu-ray, from *Dr. No* to *Skyfall*[.]"

32.    A true, correct, and unaltered photograph of the back side of the box of the Ultimate James Bond Collection set is as follows:

*FIRST AMENDED* CLASS ACTION COMPLAINT - 9

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19

20    33.    On or about January 1, 2016, Defendants released *The James Bond Collection*

21    [Blu-ray] ("**The James Bond Collection**").

22    34.    The back side of the box of The James Bond Collection contains the following

23    representations: "All the Bond films are gathered together in this one-of-a kind boxed set – every

24    gorgeous girl, nefarious villain and charismatic star from Sean Connery to Daniel Craig." The

25    back side of the box of The James Bond Collection also contains the following representations:

26    "BOXED SET CONTENTS:  23 films on Blu-ray, from *Dr. No* to *Skyfall*[.]"

*FIRST AMENDED* CLASS ACTION COMPLAINT - 10



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

35.    A true, correct, and unaltered photograph of the back side of the box of The James Bond Collection is as follows:



36.    The Bond 50 Set, The James Bond Collection, and the Ultimate James Bond Collection are collectively referred to hereinafter from time to time as the "**Sets.**" The list of the movies contained in each of the Sets is printed at the bottom of each of the Sets' boxes in very small print.

37.    A true, correct, and unaltered photograph of the bottom of each of the Sets' boxes is as follows:



38.     The list of the movies that appear on the bottom of the Sets is in very small print. On information and belief, it is very difficult if not impossible for a person with ordinary, normal vision to read and fully understand this very small print.

39.     Despite representing that the Sets contain **ALL** the James Bond films, all of the Sets are missing the two James Bond movies not produced by Eon Productions, namely *Casino Royale* (1967) and *Never Say Never Again* (1983).

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 12



EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

18016-1/ASK/775222

40. Despite representing that the Sets contain **EVERY** gorgeous girl and nefarious villain, Orson Welles, the villain in *Casino Royale* (1967), Joanna Pettet, a "gorgeous girl" in *Casino Royale* (1967), Kim Bassinger, a "gorgeous girl" in *Never Say Never Again*, Barbara Carrera, another "gorgeous girl" in *Never Say Never Again*, and Klaus Maria Brandauer, the villain in *Never Say Never Again*, are not included in the Sets.

41. Despite representing that the Sets contain **EVERY** charismatic star, David Niven, the "charismatic star" of *Casino Royale* (1967) is missing from the Sets. David Niven was James Bond creator Ian Fleming's first choice to play James Bond in the James Bond movies. Moreover, the Sets also do not contain **EVERY** charismatic star because Sean Connery, who was the actor and "charismatic star" who played James Bond in the movies entitled *Dr. No*, *From Russia With Love*, *Goldfinger*, *Thunderball*, *You Only Live Twice*, *Diamonds are Forever*, and *Never Say Never Again* is missing from the Sets given that Mr. Connery's starring role as James Bond in *Never Say Never Again* is not a part of the Sets.

42. The distribution rights to the James Bond movies that MGM Inc. owns includes the distribution rights to *Casino Royale* (1967) and *Never Say Never Again*.

43. Defendants produce, promote, and sell *Casino Royale* (1967) and *Never Say Never Again* as individual DVDs and Blu-ray movies.

44. Thus, despite MGM Inc. owning the distribution rights of *Casino Royale* and *Never Say Never Again,* and despite Defendants producing, promoting and selling *Casino Royale* and *Never Say Never Again,* Defendants distribute, produce, promote and sell the Sets without including those two films.

45. The front side of the *Never Say Never Again* Blu-ray Collector's Edition features a photograph of the actor Sean Connery in a tuxedo and bow tie holding a pistol and contains the statement "SEAN CONNERY IS BACK IN ACTION AS JAMES BOND!"

46. A true, correct, and unaltered photograph of the front side and back side of the *Never Say Never Again* Blu-ray Collector's Edition is as follows:

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 13

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



*FIRST AMENDED* CLASS ACTION COMPLAINT - 14



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20          47.     The back side of the *Never Say Never Again* Blu-ray Collector's Edition states,

21  among other things, "Sean Connery is back for his final performance as agent James Bond …"

22  and "Agent 007 is hurled into a pulse-pounding race to save the world from armageddon when

23  two atomic warheads are hijacked by the evil SPECTRE organization[.]"   The back side of the

24  *Never Say Never Again* Blu-ray Collector's Edition also reflects it contains special features that

25  include commentary with "*James Bond* Historian Steven Jay Rubin" and a "*Sean is Back*

26  Featurette[.]"   The back side of the *Never Say Never Again* Blu-ray Collector's Edition also

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 15

18016-1/ASK/775222



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1   contains the logo and/or trademark of 20th Century Fox.

2      48.    The *Never Say Never Again* Blu-ray Collector's Edition contains special features

3   that are viewable on the *Never Say Never Again* Blu-ray Collector's Edition DVD.   A true,

4   correct, and unaltered copy of a color photograph of a stilled screen shot from the special features

5   for the aforesaid *Never Say Never Again*, which depicts a movie billboard for *Never Say Never*

6   *Again* that reads "Sean Connery is James Bond *NEVER SAY NEVER AGAIN*" is as follows:



18016-1/ASK/775222

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1    49.    The front side of the *Casino Royale* (1967) Collector's Edition features, among

2   other things, the likeness of a young nude woman holding two pistols with silencers attached

3   thereto and the likeness of a dark-haired man wearing a dark suit and bow tie while dropping

4   from a parachute and holding a pistol with a silencer attached thereto.  The MGM Inc. trademark

5   also appears on the front side of the *Casino Royale* (1967) Collector's Edition.

6    50.    A true, correct, and unaltered photograph of the front side and back side of the

7   *Casino Royale* (1967) Collector's Edition is as follows:

8

9

10



11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 17

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19

20   51.   The back side of the *Casino Royale* (1967) Collector's Edition states, among other

21   things, "Will the real "James Bond" please stand up?  When secret agency chief "M" (John

22   Huston) is killed, James Bond (David Niven) is thrust out of spy retirement to help smash

23   SMERSH, the band of hitmen who are likely responsible.  And to protect his real identity,

24   Bond's name is given to numerous other agents[.]"  The back side of the *Casino Royale* (1967)

25   Collector's Edition also states "*Casino Royale* is Bond.  Psychedelic Bond."  The back side of the

26   *Casino Royale* (1967) Collector's Edition also contains the MGM Inc. trademark and the logo or

trademark of 20th Century Fox.

*FIRST AMENDED* CLASS ACTION COMPLAINT - 18


EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

52.     The *Casino Royale* (1967) Collector's Edition contains special features that are viewable on the *Casino Royale* (1967) Collector's Edition DVD.  A true, correct, and unaltered copy of a photograph of a stilled screen shot from the special features for the aforesaid *Casino Royale* (1967) Collector's Edition, which depicts a billboard advertisement on a building that reads "CASINO ROYALE IS TOO MUCH ... FOR ONE JAMES BOND" is as follows:



53.     A true, correct, and unaltered copy of a photograph of a stilled screen shot from the special features for the *Casino Royale* (1967) Collector's Edition, which depicts a theater billboard that reads "JAMES BOND 007 CASINO ROYALE" is as follows:

///

///

**FIRST AMENDED** CLASS ACTION COMPLAINT - 19



EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19



20    54.    A true, correct, and unaltered copy of a photograph of a stilled screen shot from

21  the special features for the *Casino Royale* (1967) Collector's Edition that depicts a theater

22  billboard that reads "CASINO ROYALE JAMES BOND 007 LOEW'S CAPITOL and an

23  accompanying comment that reads "'ROYAL' [*sic*] LINES GO AROUND THE BLOCK!" is

24  as follows:

25  ///

26  ///

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 20

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com



55.     Despite producing, promoting and selling *Casino Royale* and *Never Say Never Again* as individual DVD's and Blu-ray movies, Defendants represent that the Sets contain **ALL** the James Bond films ever made.  These representations are false, misleading, and likely to deceive reasonable consumers.

56.     All Defendants are headquartered or have their principal place of business in California. The false and misleading representations are conceived, reviewed, approved and otherwise controlled by Defendants from Defendants' headquarters and/or principal place of business out of Beverly Hills and Los Angeles in California.

57.     MGM Holdings derives significant revenues from the sales of the Sets and has a significant involvement in the decision making process regarding key elements of distribution, including the creation of marketing campaigns, pricing levels and the timing of releases of the Sets.  It provides key input in the critical marketing and distribution strategies in connection with

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 21

18016-1/ASK/775222



EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

the Sets.

58.     On or about February 9, 2016, Plaintiff Mary L. Johnson purchased The James Bond Collection via the Internet from the Amazon.com website for approximately One Hundred Six United States Dollars and Forty-Four Cents ($106.44).

59.     Amazon, the world's largest online retailer, sells a variety of consumer products, including DVD's and Blu-rays. It served as intermediary in the transaction between Plaintiff and Defendants.

60.     On its website, Amazon reproduces Defendants' false and misleading representations that the Sets contain "all" of The James Bond movies.

61.     Before making her purchasing decision concerning The James Bond Collection with Amazon, Plaintiff physically handled and inspected The James Bond Collection in person at a "brick and mortar" store or stores that carried The James Bond Collection.  While handling the James Bond Collection in person, Plaintiff read the representations on the back of the box of The James Bond Collection.

62.     Ultimately, Plaintiff read and relied upon the deceptive representations on the box of The James Bond Collection, and repeated on Amazon, to the effect that The James Bond Collection contained **ALL** of the James Bond movies ever made. Among the representations Plaintiff read and relied upon was the representation that "All the Bond films are gathered together in this one-of-a-kind boxed set – every gorgeous girl, nefarious villain and charismatic star from Sean Connery to Daniel Craig."

63.     Plaintiff believed that The James Bond Collection contained **ALL** the James Bond films as represented on the box, which films would include *Casino Royale* (1967) and *Never Say Never Again* if complete. Plaintiff would not have purchased The James Bond Collection at the price she paid absent the false, misleading and deceptive representations on the box of The James Bond Collection as set forth above.

64.     Instead of purchasing what she thought was a boxed set containing ALL of the

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 22

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

James Bond films, Plaintiff purchased a set containing ALL of the James Bond films MINUS two (2) such films, namely *Casino Royale* (1967) and *Never Say Never Again*.

65. Plaintiff lost money as a result of Defendants' unfair and deceptive claims in that she did not receive what she paid for.

66. The Blu-ray versions of *Casino Royale* (1967) and *Never Say Never Again* can be purchased individually on the Amazon website and, on information and belief, in traditional brick and mortar stores and/or their related websites. In addition, MGM Inc., on its own website, offers for sale through Amazon *Never Say Never Again*.[5]

67. On information and belief, as of August 9, 2017, the Blu-ray version of *Casino Royale* (1967) could be purchased for $11.50 and the Blu-ray version of *Never Say Never Again* could be purchased for $74.53 on the Amazon website.

68. Accordingly, as of August 9, 2017, in order to have **ALL** the Bond films as represented on the Sets and have the Blu-ray versions of *Casino Royale* (1967) and *Never Say Never Again* that are depicted above, Plaintiff would have to spend approximately $11.50 plus tax for *Casino Royale* (1967) and $74.53 plus tax for *Never Say Never Again* for a total of $86.03 plus tax. Potential additional shipping and handling charges might also apply if these two missing movies are purchased on Amazon or other websites.

69. Plaintiff was misled by Defendants' false, unfair, and deceptive representations. Plaintiff and Class members paid more money than they should have as a result of Defendants' false, unfair, and deceptive misrepresentations to the extent that the monies they paid for the Set exceeded the value of the Set they received.

70. Plaintiff and Class members have conferred substantial benefits on Defendants by purchasing their James Bond DVD and/or Blu-ray Sets, and Defendants have consciously and willingly accepted and enjoyed these benefits.

71. Defendants knew or should have known that consumers' payments for their James

---

[5] http://www.mgm.com/#/results/james+bond (last visited Jan. 30, 2017).

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 23



EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

Bond DVD and/or Blu-ray Sets were given with the expectation that the Sets would include "all" of the James Bond movies as represented.

72.   Because of the false, unfair, and deceptive misrepresentations as described herein, Defendants have been unjustly enriched by their wrongful receipt of Plaintiff's and Class members' monies.

73.   Defendants should be required to account for and disgorge all monies, profits and gains which they have obtained or will unjustly obtain in the future at the expense of consumers.

## **CLASS ALLEGATIONS**

74.   Plaintiff realleges and incorporates by reference as if fully rewritten the previous paragraphs of the Complaint.

75.   Plaintiff originally brought this action as a class action pursuant to Washington Superior Court Rule 23.   Plaintiff now seeks the certification under Fed. R. Civ. P. 23 of Plaintiff's claims and certain issues in this action on behalf two alternative Classes (hereinafter referred to as the "**Plaintiff Class**" or "**Class**") consisting of:

All persons who purchased, since March 6, 2013, one or more DVD/Blu-ray box sets entitled Bond 50:  Celebrating Five Decades of Bond 007, The James Bond Collection, and/or The Ultimate James Bond Collection, in the United States, for their own or household use rather than for resale or distribution.

Alternatively, all persons who purchased, since March 6, 2013, one or more DVD/Blu-ray box sets entitled Bond 50:  Celebrating Five Decades of Bond 007, The James Bond Collection, and/or The Ultimate James Bond Collection, in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington,[6] for their own or household use rather than for resale or distribution.

---

[6] The states in the Multi-State Class are limited to those states with similar consumer fraud laws under the facts of this case: California (Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code § 1770 et seq.; and Cal. Bus. & Prof. Code § 17500 et seq.); Florida (Fla. Stat. § 501.201, et seq.); Illinois (815 Ill. Comp. Stat. 505/1, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp. Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.);

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 24



EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1   Specifically excluded from the Class are Defendants, officers, directors and

2   employees of any of the Defendants and members of their immediate families, and any Judge

3   who may preside over this case and his or her immediate family.

4   76.   Plaintiff reserves her right to amend or modify the Class description with greater

5   specificity or further division into subclasses or limitations to particular issues.

6   77.   This action may properly be maintained as a class action pursuant to Fed. R. Civ.

7   P. 23, in that there is a well-defined community of interest, the Class is so numerous as to make it

8   impracticable to bring all of its members before the Court, the adjudication of this action as a

9   class action is a superior method of resolving this controversy, and substantial benefits will

10   accrue to members of the Class.

11   78.   The precise number of Class members is as yet unknown to Plaintiff. However,

12   based on the sales of all Sets throughout the United States, upon information and belief, Plaintiff

13   alleges the number of Class members to be in the hundreds of thousands. It is therefore

14   impracticable to bring all members of the Class before this Court and disposition of the Class

15   members' claims in a class action is in the best interests of the parties and judicial economy.

16   79.   There is a community of interest in that (a) common questions of law and fact in

17   this action predominate over individual questions, (b) the claims of the Class representatives are

18   typical of the claims of other members of the Class, and (c) the Class representatives will

19   adequately represent the interests of the Class.

20   80.   **COMMONALITY**: Common questions of law and fact exist as to all members of

21   the Class and predominate over any questions which affect individual members of the Class in

22   that Defendants have engaged in a common course of conduct in dealings with the Class and

23   acted in a manner generally applicable to the entire Class. These common questions of law and

24   fact include without limitation:

25   (a)   Whether Defendants distributed and marketed, sold or otherwise placed

26

Missouri (Mo. Rev. Stat. §407.010, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New York
(N.Y. Gen. Bus. Law § 349, *et seq.*); and Washington (Wash. Rev. Code § 19.86.010, *et seq.*).

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 25



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1  the Sets in the stream of commerce in the United States and/or certain states within the United

2  States;

3  (b)  Whether the representations made by Defendants on the Sets are false;

4  (c)  Whether the representations made by Defendants on the Sets are likely to

5  deceive a reasonable consumer;

6  (d)  Whether the representations made by Defendants on the Sets are unfair or

7  deceptive;

8  (e)  Whether Plaintiff and Class members directly and proximately suffered

9  injury to their business or property by purchasing the Sets;

10  (f)  Whether the representations on the outside of the box Sets constitute

11  express warranties Defendants breached and whether said representations also give rise to claims

12  for breach of the implied warranty of merchantability for which the Defendants are liable to

13  Plaintiff and the Class; and

14  (g)  Whether Plaintiff and Class members are entitled to punitive damages

15  under the Washington Consumer Protection Act.

16  81.  **TYPICALITY:** The claims of Plaintiff are typical of the claims of the other Class

17  members in that the Plaintiff, like other Class members, purchased one of the Sets distributed

18  and/or marketed by Defendants which contained the false, untrue, deceptive, and misleading

19  representations, and Plaintiff, like the other members of the Class, have been damaged by

20  Defendants' false, untrue, deceptive, and misleading representations in that they purchased a Set

21  that did not contain ALL of the James Bond films as represented. Furthermore, the factual basis

22  of Defendants' misconduct is common to all Class members and represents a common thread of

23  misconduct resulting in injury to all Class members. Lastly, the relief sought is common.

24  82.  **ADEQUATE REPRESENTATION:** Plaintiff is a member of the Class and will

25  fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained

26  counsel who are experienced in prosecuting consumer class actions. Plaintiff has no interests that

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 26

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

18016-1/ASK/775222

conflict with those of the Class.   Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class.

83.    **SUPERIORITY:** Defendants' conduct applied uniformly to Plaintiff and all Class members so that Plaintiff and all Class members were uniformly deceived. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff and Class members have suffered economic harm as a result of Defendants' unlawful and wrongful conduct which was directed towards Class members and the public as a whole rather than specifically and uniquely against any individual Class members.

84.    Defendants have acted in a uniform manner with respect to Plaintiff and Class members. Absent a class action, most Class members would likely find the costs of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of any individual Class member's claims, it is likely that only a few could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class members will continue to incur damages and Defendants' wrongful conduct will continue with no effective remedy.

85.    Class treatment in this Court will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication by providing common answers to the common questions of knowledge, conduct, duty, and breach that predominate in this action.

86.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I - VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86

87.    Plaintiff realleges and incorporates by reference as if fully rewritten the previous paragraphs of the Complaint.

88.    Defendants' marketing and sale of the Sets as described herein by way of statements or advertisements on the Sets' packaging that are false constitute unfair or deceptive

*FIRST AMENDED* CLASS ACTION COMPLAINT - 27



EISENHOWER CARLSON PLLC
Attorneys at Law
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1  acts or practices in trade or commerce that affects the public interest that has caused injury to

2  Plaintiff's business or property and the Class's business or property.

3      89.    As a direct and proximate result of Defendants' violation of the Washington

4  Consumer Protection Act, Plaintiff and Class members have been damaged in an amount to be

5  proven at trial.  The Court should enter a judgment for actual damages in favor of Plaintiff and

6  the Class and increase the award of damages up to an amount not to exceed three times the actual

7  damages sustained pursuant to RCW 19.86.090.

8                    **COUNT II – BREACH OF EXPRESS WARRANTIES**

9      90.    Plaintiff realleges and incorporates by reference as if fully rewritten the previous

10  paragraphs of the Complaint.

11     91.    Beginning on or about September 15, 2012, which is at least since four years prior

12  to the filing date of this action, and as set forth hereinabove, Defendants made representations to

13  the public, including Plaintiff, on their packaging and other means that the Sets included "all" of

14  the Bond films and 'every gorgeous girl, nefarious villain and charismatic star from Sean

15  Connery to Daniel Craig.'"  These and related promises became part of the basis of the bargain

16  between the parties and thus constituted express warranties.

17     92.    Thereon, Defendants, through their distributors and agents, sold the Sets to

18  Plaintiff and Class members, who bought the Sets from Defendants' distributors and agents.

19     93.    However, Defendants breached the express warranties they made by virtue of the

20  representations they generated and printed on the outside of the Sets in that the Sets were missing

21  two Bond films and in fact did not include "'all' of the Bond films and 'every gorgeous girl,

22  nefarious villain and charismatic star from Sean Connery to Daniel Craig.'"  As a result of this

23  breach, Plaintiff and Class members in fact did not receive goods as warranted by Defendants.

24     94.    As a direct and proximate result of this breach of warranty by Defendants,

25  Plaintiff and Class members have been damaged in an amount to be determined at trial.

26

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 28

18016-1/ASK/775222

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

**COUNT III – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

95.     Plaintiff realleges and incorporates by reference as if fully rewritten the previous paragraphs of the Complaint.

96.     Beginning on or about September 15, 2012, which is at least since four years prior to the filing date of this action, and as set forth hereinabove, Defendants made representations to consumers, including Plaintiffs, on their packaging and other means that the Sets included "'all' of the Bond films and 'every gorgeous girl, nefarious villain and charismatic star from Sean Connery to Daniel Craig.'"   Plaintiff and other consumers bought the Sets from Defendants' distributors and agents.

97.     An implied warranty of merchantability guarantees that consumer goods meet each and every one of the following:  (1) Pass without objection in the trade under the contract description; (2) Are fit for the ordinary purposes for which such goods are used; and (3) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; (4) Are adequately contained, packaged, and labeled as the agreement may require; and (5) Conform to the promises or affirmations of fact made on the container or label if any.  RCW 62A.2-314.

98.     Defendants were merchants with respect to goods of this kind which were sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and Class members an implied warranty that those goods were merchantable.

99.     However, Defendants breached that warranty implied in the contract for the sale of goods, in that the Sets were  missing two Bond films and in fact did not include "'all' of the Bond films and 'every gorgeous girl, nefarious villain and charismatic star from Sean Connery to Daniel Craig'" as set forth in detail hereinabove.

100.    As a result of Defendants' conduct, Plaintiff and Class members did not receive goods as impliedly warranted by Defendants to be merchantable.

101.    On information and belief, Defendants or certain of them have one or more sales

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 29

18016-1/ASK/775222

EISENHOWER CARLSON PLLC
Attorneys at Law
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1   or advertising contracts with Amazon that concern, among other things, the terms and conditions
2   upon which the Sets may be sold on Amazon's website. Defendants or certain of them are and
3   have been knowingly and intentionally promoting the Sets on Amazon's website and targeting
4   their promotions on Amazon's website to members of the public such as Plaintiff.    On
5   information and belief, under their contract(s) with Amazon, Defendants or certain of them are
6   responsible for creating and preparing for advertising purposes all or certain wording, verbiage,
7   or statements that appear on Amazon's website that describe the Sets and their contents.
8   Defendants or certain of them know or should know (a) the purpose of Plaintiff's and the other
9   purchasers' purchase of the Sets on Amazon's website, and (b) at least certain of the purchasers'
10  requirements for the Sets (*i.e.*, that they be merchantable under Article II of the Uniform
11  Commercial Code). Defendants or certain of them sold and delivered the Sets to Amazon so
12  Amazon could in turn sell and deliver them to Plaintiff and other purchasers.    Amazon has
13  served, at Defendants' behest, as an advertising and promotional platform and has also served as
14  a conduit for Defendants or certain of them to sell and/or promote the Sets to members of the
15  general public.    In marketing, promoting, and selling the Sets on Amazon's website, Defendants
16  or certain of them and Amazon have done so with the intent to benefit third parties, namely
17  people like Plaintiff and other members of the general public who purchased the Sets through
18  Amazon.    Accordingly, Plaintiff is a third-party beneficiary of any and all implied warranties that
19  Defendants or certain of them have made to Amazon concerning the Sets, including the implied
20  warranty of merchantability.

21      102.    As an alternative basis for relief, Plaintiff asserts she can recover against the
22  Defendants for breach of the implied warranty of merchantability despite any lack of privity or
23  designation as a third-party beneficiary because  Defendants are guilty of fraud or deceit in
24  passing off The James Collection to Plaintiff given the false and misleading statements on the
25  box of this set concerning this set's contents and because the manufacturer of this set has been
26  negligent in some respect with reference to the sale by packaging and marketing sets such as this,

***FIRST AMENDED*** CLASS ACTION COMPLAINT - 30

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1  which Sets contain false and misleading advertising statements as to the Sets' contents.  (*E.g.*,

2  *Dimoff v. Ernie Majer, Inc.*, 55 Wash.2d 385, 389, 347 P.2d 1056 (1960)).

3      103.    Plaintiff also asserts as yet another alternative basis for relief that she can recover

4  against Defendants for breach of the implied warranty of merchantability despite any lack of

5  privity or designation as a third-party beneficiary because some courts from outside Washington,

6  including the California Supreme Court, have held an exception to the privity requirement lies

7  when the plaintiff relies on written labels or advertisements of a manufacturer. (*See, e.g.*,

8  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) (citing *Burr v. Sherwin*

9  *Williams*, 268 P.2d 1041 (Cal. 1954)).  Here, Plaintiff relied on the false and misleading written

10  labels or advertisements of a manufacturer, which labels or advertisements were part of the

11  exterior of The James Bond Collection.  It appears no Washington appellate court has addressed

12  the issue of whether an exception to the privity requirement lies in a case such as this when it

13  comes to a remote purchaser asserting a claim against the manufacturer for breach of the implied

14  warranty of merchantability based on express representations of fact in the manufacturer's

15  advertising materials.  In the event the Court is inclined to dismiss Plaintiff's claim for breach of

16  the implied warranty of merchantability, Plaintiff asks the Court to certify for review to the

17  Washington Supreme Court pursuant to RCW 2.60.030 the question of whether said court will

18  elect to adopt the reasoning of the California Supreme Court in *Burr* and determine an exception

19  to the privity requirement lies for a claim for breach of the implied warranty of merchantability

20  against a manufacturer where the remote purchaser plaintiff alleges she relied to her detriment on

21  express representations of fact contained in the written labels or advertisements of the

22  manufacturer.

23      104.    As a direct and proximate result of this breach of warranty by Defendants,

24  Plaintiff and other Class members have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

26      **WHEREFORE**, Plaintiff, on behalf of herself and Class members prays for:

*FIRST AMENDED* CLASS ACTION COMPLAINT - 31



EISENHOWER CARLSON PLLC  Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1.      An Order certifying the Class, and appointing Plaintiff as representative of the Class, and appointing counsel of record for Plaintiff as Class counsel;

2.      The entry of judgment on the claims set forth in this Complaint in favor of Plaintiff and the Class and against Defendants in an amount to be proven at trial;

3.      Actual damages to Plaintiff and all Class members;

4.      Punitive or exemplary damages under the Washington Consumer Protection Act to Plaintiff and all Class members;

5.      An award of attorneys' fees;

6.      An award of costs;

7.      An award of interest, including both pre and post-judgment interest, at the highest rate allowable by law; and

8.      Such other and further relief as the Court may allow.

DATED this 15th day of August, 2017.


By: /s/ Alexander S. Kleinberg
Alexander S. Kleinberg, WSBA # 34449
akleinberg@eisenhowerlaw.com
1201 Pacific Avenue, Suite 1200
Tacoma, Washington 98402
Telephone:  (253) 572-4500
Facsimile:  (253) 272-5732

ALAN J. STATMAN, OH SBN 0012045
(Admitted Pro Hac Vice)
ajstatman@statmanharris.com
SYLVIE DERRIEN, OH SBN 0072579
(Admitted Pro Hac Vice)
sderrien@statmanharris.com
STATMAN HARRIS & EYRICH, LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH  45202
Tel: 513.621.2666
Fax:513.621.4896

Attorneys for Plaintiff Mary L. Johnson

**FIRST AMENDED** CLASS ACTION COMPLAINT - 32

18016-1/ASK/775222

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system.   In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the attorneys of record.

I affirm under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 15th day of August, 2017, at Tacoma, Washington.


/s/ Cathy Riccobuono
CATHY RICCOBUONO

*FIRST AMENDED* CLASS ACTION COMPLAINT - 33



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

18016-1/ASK/775222