THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY J. JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METRO-GOLDWYN-MAYER STUDIOS INC.;  AND TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC,<br><br>Defendants. | CASE NO. 2:17-cv-00541-RSM<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**JULY 27, 2018** |

Pursuant to Rules 23(a), 23(b)(2), and 23(e) of the Federal Rules of Civil Procedure (the "**Fed. R. Civ. P.**"), and this Court's Preliminary Approval Order (*Dkt. No. 49*) (the "**Preliminary Approval Order**"), Plaintiff, individually and on behalf of those similarly situated, moves this Court for a final order: approving the Stipulation and Agreement of Settlement (the "**Settlement Agreement**") and certifying the Settlement Class.[1]  Plaintiff concurrently herewith files her Unopposed Motion for Attorneys' Fees and Expenses and Named Plaintiff Enhancement Award, which, pursuant to the Settlement Agreement, Defendants, Metro-Goldwyn-Mayer Studios Inc. ("**MGM**") and Twentieth Century Fox Home Entertainment LLC ("**20th Century Fox**") do not oppose. MGM and 20th Century Fox are from time to time

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 1

18016-1/ASK/824423



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

collectively referred to as "**Defendants**" and Plaintiff, MGM and 20th Century Fox are from time to time collectively referred to as the "**Parties**."

In addition, Plaintiff requests that this Court enter a Final Judgment awarding Settlement Class Relief to be carried out by Defendants according to the terms of the Settlement Agreement, and dismissing with prejudice all Settlement Class Relief Claims.  Defendants do not oppose this Motion.

An Unopposed Memorandum in Support is included in this Motion.  The Settlement Agreement (including all attachments thereto) executed by the Parties on or about January 31, 2018 is attached as **Exhibit 1**.

## UNOPPOSED MEMORANDUM IN SUPPORT

### I.      INTRODUCTION

Plaintiff, Mary J. Johnson ("**Plaintiff**") submits this Unopposed Motion for Final Approval of Settlement pursuant to Fed. R. Civ. P. 23(e).  If approved, the Settlement Agreement will resolve all claims against Defendants.

The Settlement Agreement is an excellent result for the Class. It provides Plaintiff and Class Members the full relief sought in their complaint; possession of the 1968 movie entitled "Casino Royale" with David Niven and the 1983 film entitled "Never Say Never Again."   Class Members who timely filed a valid Claim Form will receive digital copies of these movies.[2]  The Settlement Agreement also ensures that packaging of future Sets[3] will describe the contents of the Sets so that it is clear that any collection does not include these non-franchise movies.  This

---

[2] Class Members who do not have access to view digital copies, upon filing an affidavit to that effect, will receive a DVD of each of the missing movies. 89 claimants have requested and will be send DVDs.
[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 2
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-572-5732
www.eisenhowerlaw.com

result was accomplished within less than one year of Plaintiff's filing her lawsuit, with the assistance and guidance of a well-recognized mediator. All counsel for all Parties support this Settlement, and it is highly uncertain whether the Settlement Class would be able to obtain and keep a better outcome through continued litigation, trial, and appeal. Moreover, while Class Counsel believe in the strength of this case, they recognize that there are always uncertainties in litigation, making compromise of claims in exchange for certain and timely provision to the Settlement Class of the remedies described herein an unquestionably reasonable outcome.

## II.        LITIGATION BACKGROUND

On March 6, 2017, Plaintiff filed her initial class action complaint in King County Superior Court asserting violation of the Washington Consumer Protection Act, breach of express warranty and breach of the implied warranty of merchantability. *See Dkt. No. 1*. On April 7, 2017, MGM Holdings Inc. ("**MGM Holdings**"), Metro-Goldwyn-Mayer Studios Inc. ("**MGM**"), Twentieth Century Fox Home Entertainment LLC ("**20th Century Fox**") and Twenty-First Century Fox, Inc. ("**21st Century Fox**") (the "Initial Defendants") filed their Notice of Removal to this Court pursuant to the Class Action Fairness Act of 2005 ("**CAFA**," 28 U.S.C. § § 1332(d) & 1453). *Id.* On April 14, 2017, the Initial Defendants filed their Motion to Dismiss the Complaint Pursuant to FRCP 12(b)(6) or in the Alternative to Strike The Class Allegations Pursuant to FRCP 12(f) and 23(d)(1)(D) (the "**Motion to Dismiss**"). *Dkt. No. 17*.

On August 3, 2017, the Court issued its Order Granting in Part and Denying in Part the Initial Defendants' Motion to Dismiss. *Dkt. No. 34.* On August 15, 2017, Plaintiff filed a First Amended Class Action Complaint in the United States District Court for the Western District of Washington at Seattle (the "**FAC**") in the Action. *Dkt. No. 35.*

On August 28, 2017, this Court entered a stipulated order continuing Defendants'

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 3
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

deadline to respond to the FAC to November 15, 2017 to allow the Parties time to mediate their dispute.   On September 19, 2017, this Court entered a stipulated order dismissing without prejudice MGM Holdings Inc.; Metro-Goldwyn-Mayer Inc.; and Metro-Goldwyn-Mayer Home Entertainment Distribution Corporation and Twenty First Century Fox, Inc.

The Parties then started to work towards mediation. Prior to the mediation, Defendants provided Plaintiff and Plaintiff reviewed over 750 pages of documents related to the issues raised in the FAC.  On October 18, 2017, the Parties participated in a full day mediation session with mediator Robert Fairbank and further participated in additional telephone conferences with the mediator to resolve this dispute. Plaintiff and Defendants reached an agreement to settle the claims raised in this Action and presented the Settlement Agreement to this Court for preliminary approval. This Court preliminary approved the Settlement Agreement on February 26, 2018. *Dkt. No. 49.*

## III.    OVERVIEW OF THE SETTLEMENT AGREEMENT

The Settlement Agreement is the product of Plaintiff's thorough review of the documents produced to her by Defendants, and a daylong mediation session with Robert Fairbank as mediator followed by several additional telephone conferences with him.

The Parties have endeavored to craft a settlement that addresses Plaintiff's allegations in the Action, and benefits the Settlement Class as a whole.  Further, mindful that discovery was conducted on an expedited basis and therefore limited in scope, Plaintiff's' counsel required that Defendants produce confirmatory discovery to validate her previous findings.

### 1.    <u>Class Settlement Relief</u>

Pursuant to the Settlement Agreement, all Authorized Claimants will receive one digital copy of each of the Non-Franchise Films.  If a claimant signs an affidavit stating under penalty

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 4
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

of perjury that he/she does not have access to view a digital copy , then the claimant will receive one DVD of each of the Non-Franchise Films. 89 claimants requested and will received DVD copies.  In order to receive the Class Settlement Relief, a Class Member will have to submit a Claim Form to be reviewed and processed by the Settlement Administrator. A claimant is an Authorized Claimant if he/she timely signs and submits the Claim Form under penalty of perjury attesting to the purchase of one or more James Bond Sets prior to January 31, 2018 <u>and</u> provides proof of that purchase.  Proof of purchase is established by a receipt, invoice, or other document showing proof of purchase.  The parties instructed the Settlement Administrator to construe this broadly; anything that was submitted to establish proof of purchase was accepted.  Keough Decl. ¶18(b).

Any Class Member who is not an Authorized Claimant and who does not file a valid Request for Exclusion will not be entitled to receive the Class Settlement Relief but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the Releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.  No requests for exclusion were received. Keough Decl. ¶14.

### 2.   Future Packaging

Defendants have agreed to modify future packaging to as follows:  For any James Bond Set shipped by Defendants in the United States after January 31, 2018, Defendants will only use the terms "all" or "every" in describing the included films on the packaging when it is clear from the packaging that it refers to the Franchise Films.  For avoidance of doubt, this does not apply to use of the terms "all" or "every" in regard to any other aspect of the set (e.g., all Daniel Craig James Bond films; all HD films).

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

In exchange for the above stated benefits, the Releasing Parties have agreed, subject to this Court's approval, to the entry of final judgment in this Action and to fully, finally and forever release, relinquish, and discharge the Released Parties with respect to each and every Released Claim and to forever be enjoined from prosecuting any of the Released Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Claims.

### 3.   Attorney Fees and Costs

After negotiating the terms of the Settlement Agreement, Defendants agreed that they would not oppose or object to Class Counsel's application for all attorneys' fees, costs and expenses in an amount up to $350,000, in the aggregate. The agreement with respect to attorneys' fees, costs and expenses was negotiated after the substantive terms of the Settlement Agreement, including the Class Settlement Relief, had been negotiated and agreed upon in the Settlement Agreement. The attorneys' fees and costs are reasonably calculated and once this Action is concluded, will be at or close to the actual fees and costs that Class Counsel will have expended in this Action.

In addition to the Settlement Class Relief that will benefit Plaintiff as well as Settlement Class Members, Defendants also have agreed not to oppose an Incentive Payment Award to the Plaintiff in the amount of $5,000. The Incentive Payment Award compensates Plaintiff solely for the time and effort undertaken by her on behalf of Class Members in connection with this Action and shall not be considered reimbursement or compensation for any damages, or any relief sought in the Action.   The agreement with respect to the Incentive Payment Award was negotiated after the substantive terms of the settlement, including the Settlement Class Relief, had been negotiated and agreed upon.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 6
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

Pursuant to Fed. R. Civ. P. 23(h), Plaintiff has filed contemporaneously herewith a separate motion seeking Court approval of the attorneys' fees and costs award and Plaintiff's Incentive Payment Award.

## IV.   PRELIMINARY APPROVAL

On February 26, 2018, this Court entered the Preliminary Approval Order. *Dkt. No. 49.* In its Preliminary Approval Order, pursuant to F.R.C.P. 23(b)(3), the Court preliminary certified for settlement purposes the following Settlement Class:

> All persons and entities (and their successors-in-interest, assigns, and heirs) in the United States that purchased one or more of the James Bond Sets prior to January 31, 2018.   Excluded from the Settlement Class are: MGM and Fox and any person, trust, firm, corporation or other entity Affiliated with or related to MGM and Fox; and Any persons or entities who exclude themselves by submitting a timely Request for Exclusion in accordance with the requirements set forth by the Court.

*Dkt. No. 49 p. 2, ¶4.*

In addition, this Court approved the Notice and the Notice Program set forth in the Settlement Agreement to provide notice of the settlement. In doing so, the court determined that the Notice and Notice Program satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Court further found that the Notice, the Publication Notice and Notice Plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 7
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## V.    STANDARDS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS

Pursuant to Federal Rule of Civil Procedure 23(e), class actions "may be settled, voluntarily dismissed, or compromised only with the court's approval." The law favors settlement, particularly in class actions and other complex cases. *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976). Final approval of a proposed class action settlement will be granted where it is established that the proposed settlement is "fair, reasonable, and adequate." Rule 23(e)(2). In evaluating fairness, the Court must consider the settlement as a whole, rather than its component parts. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted).

District courts consider one or more of the following Churchill factors in deciding whether to approve a class action settlement:

> The strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial, the amount offered in settlement; the extent of discovery completed, and the state of the proceedings; the experience and views of counsel, the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). "Not all of these factors will apply to every class action settlement. Under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)).

A court may not modify the terms of a negotiated settlement. *Evans v. Jeff D.*, 475 U.S. 717, 727, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986). Rather, the court's inquiry must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 8

18016-1/ASK/824423

**EISENHOWER CARLSON** PLLC
*Attorneys at Law*

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

or overreaching by, or collusion between, the settling parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *Officers for Justice*, 688 F.2d at 625. The court's role is to protect the rights of the unnamed class members. *Id*. at 624.

Once this Court has an opportunity to address questions or concerns at the Fairness Hearing, it should approve the proposed settlement. The notification requirements of Rule 23 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied. The relevant *Churchill* factors amply demonstrate that the settlement is fair, reasonable, and adequate. There is no evidence of any fraud, overreaching, or collusion, and the Parties have disclosed all agreements made in connection with the proposed settlement. Members of the Settlement Class have been given an opportunity to opt out as required by Fed. R. Civ. P. 23(c)(2)(B) and have had an opportunity to object. The reaction of Class Members has been favorable; no one has excluded themselves from the Settlement Class, and there have been no objections to the proposed Settlement Agreement.

### A. The Notification Requirements in the Preliminary Approval Order Have Been Satisfied.

This Court previously approved the class notice and the methods for providing notice to potential class members, finding that both met the requirements of due process and are reasonable and the best notice practicable under the circumstances. *Dkt. # 49* at ¶ 9. The Parties have complied with the Court's instructions.

### 1. The Settlement Class Was Notified in Accordance with Rule 23 and the Court-Approved Notice Plan.

On March 14, 2018, JND, the Settlement Administrator, established a Settlement website (www.bonddvdsettlement.com) that hosts copies of important case documents, answers to frequently asked questions, and provides mail and e-mail contact for JND. Through the claim

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 9
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

filing deadline of May 29, 2018, the website also allowed users to submit a Claim Form electronically and upload proofs of purchase. Keough Decl. ¶5

The Settlement website tracked 8,264 unique users who registered 13,970 page views. Keough Decl. ¶6. JND will continue to maintain and update the website throughout the administration process. Keough Decl. ¶7.

### a. Defendants Have Complied with the Class Action Fairness Act of 2005.

In compliance with the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1715.  JND compiled a CD-ROM containing the following documents:

a. Class Action Complaint filed March 6, 2017;

b. First Amended Class Action Complaint filed August 15, 2017, with Exhibit; and

c. Plaintiff's Unopposed Motion for Conditional Certification of Settlement Class, Preliminary Approval or Stipulation and Agreement of Settlement, Appointment of Class Representative, Appointment of Class Counsel, and Approval of Notice Plan filed September 26, 2017, with Exhibits. *See* Keough Decl. ¶3.

The CD-ROM was mailed overnight mail via Federal Express on February 9, 2018, to the appropriate Federal and State officials identified in the attachment with an accompanying cover letter, a copy of which is attached as Exhibit A to the Keough Declaration.  Keough Decl. at ¶4.

### b. The Notice Program Was Properly Implemented.

In addition to the website, JND established a case-specific toll-free number, 1-833-380-5565, which individuals may call to obtain information regarding the Settlement. During business hours, callers have the opportunity at each stage to speak to a JND associate

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 10
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

familiar with the Settlement, who can respond to common questions and provide assistance.  The IVR is available 24 hours a day, seven days a week. Keough Decl. at ¶8.

As of the date of this the Keough Declaration, the toll-free number had received 59 calls, of which JND associates have spoken with 24 callers.  JND will continue to maintain the toll-free telephone number throughout the settlement administration process. Keough Decl. at ¶9.

On March 15, 2018, JND caused the Publication Notice to be published in the *New York Times, LA Times,* and *USA Today*.  Keough Decl. at ¶10. Copies of the Publication Notice, as they appeared in each edition of the respective publications, are as Exhibit B to the Keough Declaration.

On March 15, 2018, JND published a press release on PR Newswire. Keough Decl. at ¶11.  A copy of the press release as it appeared on the PR Newswire website is attached as Exhibit C to the Keough Declaration.  Between March 15, 2018, and March 19, 2018, the press release was picked up by 231 outlets with a total potential audience of more than 80,000,000. Keough Decl. at ¶11.

On March 16, 2018, JND began an online media campaign to inform Settlement Class Members about the Settlement.  Keough Decl. at ¶12. This campaign included a banner display linking to the Settlement Website in promoted posts on Facebook/Instagram and Twitter.  The campaign concluded on March 29, 2018 and delivered a total of 7,803,613 impressions.  *Id*. Example banner advertisements are attached as Exhibit D to the Keough Declaration.

The Publication Notice informed Class Members that any Class Member who wanted to exclude themselves from the Settlement ("opt-out") had to mail a letter to JND stating that they desired to opt out of the Settlement or otherwise not participate in the Settlement, postmarked on or before May 18, 2018. Keough Decl. at ¶13.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 11
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

As of the date of the Keough Declaration, JND has not received any requests for exclusion. Keough Decl. at ¶14.

The Publication Notice informed Class Members that any Class Member who wanted to object to the approval of the Settlement has to submit a written statement to JND via mail or e-mail, postmarked or submitted on or before July 17, 2018. Keough Decl. at ¶15.

As of the date of the Keough Declaration, JND has not directly received any objections to the proposed Settlement. Keough Decl. at ¶16.

The Publication Notice informed recipients that any Class Member wishing to receive a benefit under the Settlement had to complete and sign a Claim Form (including qualifying proof of purchases) and submit it to JND, postmarked on or before May 29, 2018 if sent by mail or received by May 29, 2018 if submitted by email or through the Settlement Website. Keough Decl. at ¶17.

In total, 695 Claim Forms were received and processed, of which 657 were submitted electronically and 38 Claim Forms were received by mail. Keough Decl. at ¶18.

**B.      The Court Should Grant Final Approval to the Settlement.**

The Court should find that all of the relevant *Churchill* factors are met here. There is no evidence of any fraud, overreaching, or collusion between the settling Parties. Based on these findings, the Court should grant final approval of the Settlement Agreement under Rule 23(e).

**1.      The Strength of Plaintiff's Case and Continued Litigation**

This factor favors final approval. "Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case." *G. F. v. Contra Costa Cty.*, No. 13-CV-03667-MEJ, 2015 WL 7571789, at *8 (N.D. Cal. Nov. 25, 2015) (citing *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010)). Although Plaintiff believes

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

that she would ultimately prevail at trial on all of her claims, she acknowledges that obtaining certification of a nationwide class may have presented her with some challenges. Absent a nationwide class, the benefits of this action decrease and some potential class members would be denied an opportunity to recover. Accordingly, this factor favors final approval.

### 2.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Although Plaintiff believes her claims are strong, the merits of those claims are balanced by the risk, expense, and complexity of the case, as well as the likely duration of further litigation. See *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-59 (9th Cir. 2000). Should Class Counsel proceed with litigating Plaintiff's claims to conclusion, any recovery would likely come years in the future and at far greater expense. In comparison, approval of the Settlement Agreement requires Defendants to provide Class Members with the Non Franchise Films at no cost to Class Members and to alter the packaging of all the James Bond Sets shipped in the United States by Defendants.

Thus, while Plaintiff is confident that she would likely prevail on her claims, the Settlement Agreement provides benefits much sooner than if litigation were to continue, compensating Class Members now and avoiding further consumer confusion as to the contents of the Sets.  This factor also favors final approval of the Settlement Agreement

### 3.   The Risk of Maintaining Class Action Status throughout Trial

The potential difficulties in obtaining and maintaining class certification weigh in favor in final approval. As noted above, maintaining class certification of a nationwide class may present a challenge under current law. In addition, if the parties had not settled, Defendants would have most certainly opposed Plaintiff's' motion for class certification and, even if the



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

Court certified the class, there is a risk the Court could later decertify it. This factor therefore favors settlement.

### 4.      The Amount Offered in Settlement

This factor favors final approval. It is considered "the most important variable in assessing a class settlement is the amount of relief obtained for the class." *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1001 (N.D. Cal. 2015), reconsideration denied, No. C-13-3440 EMC, 2015 WL 4735521 (N.D. Cal. Aug. 10, 2015). Courts evaluating the amount offered in settlement for fairness must consider the settlement as a "complete package taken as a whole, rather than the individual component parts[.]" *Officers for Justice*, 688 F.2d at 628. The Settlement adequately and fairly compensates Class Members. In considering the amount offered in the settlement, the Court may also look at the difficulties Plaintiff would have in proceeding with litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). The benefits offered were discussed in Section III, parts 1 and 2. As noted in this Section, the in-kind relief afforded by the Settlement Agreement provides Class Members everything that they sought in litigation: possession of the Non Franchise Films. In addition, Defendants have agreed to modify – and, in fact have already modified – the packaging of the Sets and will only use the terms "all" or "every" in describing the included films on the packaging when it is clear from the packaging that it refers to the Franchise Films. The remedial and in-kind relief provides adequate consideration for the approval of the Settlement Agreement, especially in light of the uncertainty of Plaintiff's obtaining class certification on a nationwide basis. The relief offered to the Class provides it with a greater recovery that it would likely achieve through litigation, and does so in a more expedient and certain manner. This factor weighs in favor of approving the Settlement Agreement.

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

5.    The Extent of Discovery Completed, And the Stage of the Proceedings

"In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska Partnership*, 1515 F.3d 1234, 1239 (9th Cir. 1998) (quoting *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982)); see also *In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir. 2000) as amended (June 19, 2000) (no error approving settlement where class counsel conducted significant investigation and worked with experts throughout litigation). Here the parties reached a settlement only after a thorough factual investigation and exchange of informal discovery. Contemporaneously with agreeing to mediation, Plaintiff requested and Defendants agreed to targeted discovery. Plaintiff served upon Defendants discovery requests. The Parties then engaged into vigorous negotiations to narrow the scope of the discovery. Defendants served upon Plaintiff and Plaintiff reviewed over 750 pages of documents prior to participating in the mediation. The Settlement was reached through an arm's length negotiation with the assistance and guidance of mediator Robert Fairbank. The Parties participated in a full day mediation session. Unable to resolve all of the issues at the end of scheduled mediation session, the Parties and the mediator continued the mediation through several telephone conferences to come to a resolution. *See Pha v. Yang*, 2015 U.S. Dist. LEXIS 109074, at *13 (E.D. Cal. Aug. 17, 2015) (finding that the fact "the settlement was reached through an arms-length negotiation with the assistance of a mediator through a months long process . . . weigh[ed] in favor of approval"); *Rosales v. El Rancho Farms*, No. 1:09-cv00707-AWI-JLT, 2015 WL 446091, at *44 (E.D. Cal. July 21, 2015) ("Notably, the Ninth Circuit has determined the 'presence of a neutral mediator [is] a factor weighing in favor of a finding of non-collusiveness.'") (quoting *In re Bluetooth Headset Prods. Liab. Litig*., 654

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 15

18016-1/ASK/824423

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

F.3d 935, 946 (9th Cir. 2011)); *Pierce v. Rosetta Stone, Ltd*., No. C 11-01283 SBA, 2013 WL 5402120, at *15-16 (N.D. Cal. Sept. 26, 2013) (same). In addition, mindful that discovery was conducted on an expedited basis and therefore limited in scope, Plaintiff's' counsel required that Defendants produce confirmatory discovery to validate her previous findings, which Defendants have done. Thus, while the parties reached the Settlement at an early phase of litigation, Class Counsel's careful and extensive review of discovery materials indicate they had sufficient information to make an informed decision about the Settlement.  Accordingly, this factor favors Settlement approval.

### 6.  The Experience and Views of Counsel

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig*., 47 F.3d 373, 378 (9th Cir. 1995). Courts afford "great weight . . . to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (internal quotation marks omitted). Class Counsel "strongly support this settlement" because it returns Class Members to the position in which they should have been when they initially purchased the Sets and ensures that future purchasers of the Sets will clearly and accurately be notified of the contents of the Sets. This action has been litigated by experienced and competent counsel on both sides. Defendants were represented by Munger Tolles & Olson LLP, an international law firm with an abundance of experience in this type of class action litigation. Class Counsel have extensive experience in consumer class action throughout the country and in assessing the relevant merits of each side's case. Moreover, the Settlement Agreement was reached through the substantial assistance of an experienced litigator Robert Fairbanks. There is

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 16
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

no evidence of fraud or collusion. It is Class Counsel's informed opinion, given the uncertainty and further substantial expense and delay in pursuing this action through further discovery, trial and appeals, and the relatively small amount at stake for each Settlement and the availability through the Settlement Agreement of immediate relief, that the Settlement Agreement is fair, reasonable and adequate and is in the best interests of the Settlement Class.    Therefore, this factor favors final approval.

**7.      The Reaction of Class Members to the Proposed Settlement**

The reaction of the class, specifically "the quality and quantity of any objections and the quantity of class members who opt out," is an important factor to consider in determining whether to approve a class action. Newberg at § 13:54; see also, e.g., *Nat'l Rural Telecommunications Coop*., 221 F.R.D. at 528-529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members").  As a result of the Notice Program approved by this Court and with which Defendants complied, the Settlement Administrator received no objection or opt-out request. Keough Decl. at ¶¶ 14, 16.   Class Members have overwhelmingly approved the Settlement Agreement. The complete absence of objections and opt out requests from any potential Class Members is a final and important factor weighing heavily in favor of final approval.

## VI.    THE COURT SHOULD FINALLY CERTIFY THE CLASS

Plaintiff respectfully requests that the Court finally certify the Settlement Class defined in Section 2 of the Settlement Agreement. Rule 23 governs issues of class certification whether a proposed class is litigated, or as here, a settlement class. However, when "[c]onfronted with a request for settlement-only class certification, a district court need no inquire whether the case, if

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 17

18016-1/ASK/824423

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

tried would present intractable management problems… for the propose is that there will be no trial." *Amchem Prods. V. Windsor,* 521 U.S. 591, 620 (1997).

Class certification is appropriate where: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). A plaintiff must also establish that a class action may be maintained under either Rule 23(b)(1), (2), or (3). *See Amchem Prods., Inc.*, 521 U.S. at 613.

Pursuant to the Preliminary Approval Order, the Court certified the following Class defined in paragraph 3 of the Settlement Agreement for settlement purposes. *Dkt. 49.*

> All persons and entities (and their successors-in-interest, assigns, and heirs) in the United States that purchased one or more of the James Bond Sets prior to January 31, 2018. Excluded from the Settlement Class are: MGM and Fox and any person, trust, firm, corporation or other entity Affiliated with or related to MGM and Fox; and Any persons or entities who exclude themselves by submitting a timely Request for Exclusion in accordance with the requirements set forth by the Court.

In doing so, the Court found that the Class Representative satisfied both Rule 23(a) and (b)(3) requirements, and that Class Counsel were adequate representatives of the Class. As demonstrated below, there is no reason for the Court to depart from its previous conclusion that certification of the Class is warranted.

### 1.    The Class Meets The Requirements Of Rule 23(a).

#### a.    <u>Numerosity</u>

Rule 23(a)(1) requires the class to be "so numerous that joinder of all parties is impracticable." Fed. R. Civ. P. 23(a)(1). "A specific minimum number is not necessary, and [a] plaintiff need not state the exact number of potential class members." *Richie v. Blue Shield of Cal.*, 2014 WL 6982943, at *15 (N.D. Cal. Dec. 9, 2014). The numerosity requirement is easily

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 18

18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

satisfied. There were thousands of Sets sold in the United States and thus thousands of potential Class Members. Rule 23(a)(1) is met because joinder is impossible. *See Palmer v. Stassinos*, 233 F.R.D. 546, 549 (N.D. Cal. 2006) ("Joinder of 1,000 or more co-plaintiffs is clearly impractical.").

### b.   <u>Commonality</u>

Rule 23(a)(2) mandates the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. Assessing commonality requires courts to have "a precise understanding of the nature of the underlying claims." *Parsons v. Ryan*, 754 F.3d 657, 676 (9th Cir. 2014) (citing *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194–95 (2013); additional citation omitted). This allows courts to determine if the class' "claims . . . depend upon a common contention" that is "of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. The commonality "analysis does not turn on the number of common questions, but on their relevance to the factual and legal issues at the core of the purported class' claims." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2835 (2015). Rather, a single common question of law or fact satisfies the Rule. *Dukes*, 564 U.S. at 369. Plaintiff satisfies the commonality requirement as her claims arise from Defendants' common course of conduct. Specifically, the marketing, distribution and sale of the Sets to consumers form the basis of her CPA claim and breach of warranty claims. Without class certification, individual Class Members would be forced to separately litigate the same issues of law and fact that arise from Defendants'

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF STIPULATION AND AGREEMENT OF SETTLEMENT AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 19

18016-1/ASK/824423

EISENHOWER CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

alleged representations on packaging of the Sets. See *In re Celera Corp. Sec. Litig.*, 2014 WL 722408, at *3 (N.D. Cal. Feb. 25, 2014) (finding commonality requirement met where plaintiffs raised questions of law or fact that would be addressed by other putative class members pursuing similar claims). As such, the Settlement Class representatives has satisfied Rule 23(a)(2).

### c.   <u>Typicality</u>

Rule 23(a)(3) requires that the representative parties' claims be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality "assure[s] that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Under this "permissive" rule, "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons*, 754 F.3d at 685 (quoting Hanlon, 150 F.3d at 1020). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The typicality requirement is met. The Settlement Class representative's claims are based on the same alleged facts as those brought on behalf of Class Members. The Class Representative, as well as Class Members, all purchased one or more of the Sets. Her claims are typical because the Set she bought contained the same packaging as the Sets bought by the other Class Members, and as a result, the Class Representative and Class Members suffered the same injury. Accordingly, Rule 23(a)(3) is satisfied.

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### d.   Adequacy of Representation

Rule 23(a)(4) requires that the representative party be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is rooted in due-process concerns that absent class members must be afforded adequate representation before entry of a judgment which binds them.'" *Radcliffe v. Experian Info. Sols. Inc*., 715 F.3d 1157, 1165 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1020). Courts engage in a dual inquiry to determine adequate representation and ask: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other Class Members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020).

Here, Plaintiff and Class Members share common interests because the legal and remedial theories raised by Plaintiff are shared with Class Members. No conflict exits between Plaintiff and Class Members she seeks to represent. In pursuing her own claims related to the packaging of the Sets, Plaintiff has be advocated for the interests of the absent Class Members and the relief provided by the Settlement Agreement benefits equally all Class Members.

Further, Class Counsel are experienced practitioners in class action litigation and have vigorously advocated the interests of the Settlement Class in the course of this Action, during the mediation session and the negotiation of the Settlement Agreement. Only after Class Counsel was satisfied that the best recovery had been negotiated for the Class did the Parties negotiate payment of attorney's fees and costs and the Class Representative Awards.

Accordingly, Plaintiff meets all four Rule 23(a) requirements.

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

Next, Plaintiff "must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc.,* 521 U.S. at 614. Plaintiff seeks certification pursuant to Rule 23(b)(3).

### 2.      The Class Meets the Requirement of Rule 23(b)(3).

A class action may be maintained under Rule 23(b)(3) when "the court finds (1)) that the questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy[.]" Fed. R. Civ. P. 23(b)(3). "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

The Rule 23(b)(3) "analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2); thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3)." *Hanlon*, 150 F.3d at 1022. Instead, "[t]he 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation'" and requires "courts to give careful scrutiny to the relation between common and individual questions in a case." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting *Amchem Prods.*, 521 U.S. at 623). Predominance is found "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication[.]" *Hanlon*, 150 F.3d at 1022 (internal quotations omitted).

This case meets Rule 23(b)(3)'s predominance requirement. Plaintiff alleges Defendants made the same representations of facts on the Sets in the same manner to all Class Members. If the Court were to find that Defendants' representations were misleading and deceptive, such a finding would apply to all of the Class Members' claims. Plaintiff also alleges a common and

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

unifying injury, as her and other Class Members' injuries arise solely from Defendants' alleged representations as to the contents of the Sets. Accordingly, the predominance is met. The superiority test is also satisfied. This inquiry "requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair." *Wolin*, 617 F.3d at 1175-76. If Class Members were to bring individual lawsuits against Defendants, each Class Member would be required to prove the same wrongful conduct to establish liability and thus would offer the same evidence. Given that Class Members number in the hundreds of thousands, there is the potential for just as many lawsuits with the possibility of inconsistent rulings and results. Further, the "risks, small recovery, and relatively high costs of litigation" make it unlikely that class members would individually pursue their claims. *Just Film, Inc. v. Buono.* No. 14-16132, 2017 WL 510452 (9th Cir. Feb. 7, 2017). These considerations are at the heart of why the Federal Rules of Civil Procedure allow class actions in cases where Rule 23's requirements are satisfied. *Id.* This case vividly points to the need for class treatment. The individual damages of each purchaser of a Set are too small to make litigation cost effective in a case against the within Defendants. Class action treatment is also superior because litigation on a classwide basis will  promote greater efficiency in resolving the class's claims.

Thus, classwide resolution of Plaintiff and Class Members' claims is clearly favored over other means of adjudication, and the proposed Settlement Agreement resolves Class Members' claims at once. As such, class action treatment is superior to other methods and will efficiently and fairly resolve the controversy. In sum, Plaintiff satisfies the Rule 23(a) and (b)(3) requirements and this Court should finally certify the Settlement Class.

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

## VII.   CONCLUSION

For the foregoing reasons, Named Plaintiff and Class Counsel respectfully request that the Court grant final approval of the Settlement Agreement and finally certify the Settlement Class.

DATED this 12th day of July, 2018.

EISENHOWER CARLSON PLLC

By: _/s/ Alexander S. Kleinberg_
    Alexander S. Kleinberg, WSBA # 34449
    akleinberg@eisenhowerlaw.com
    1201 Pacific Avenue, Suite 1200
    Tacoma, Washington 98402
    Telephone:  (253) 572-4500
    Facsimile:   (253) 272-5732
    _____
    ALAN J. STATMAN, OH SBN 0012045
    (_Admitted Pro Hac Vice_)
    ajstatman@statmanharris.com
    SYLVIE DERRIEN, OH SBN 0072579
    (_Admitted Pro Hac Vice_)
    sderrien@statmanharris.com
    STATMAN HARRIS & EYRICH, LLC
    3700 Carew Tower
    35 E. 7th Street, Suite 315
    Cincinnati, OH  45202
    Tel: 513.621.2666
    Fax:513.621.4896

    Attorneys for Plaintiff Mary L. Johnson

### CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the attorneys of record.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 24
18016-1/ASK/824423

EISENHOWER
CARLSON PLLC
Attorneys at Law

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

1       I affirm under penalty of perjury under the laws of the United States and the State of

2   Washington that the foregoing is true and correct to the best of my knowledge.

3       DATED this 12th day of July, 2018, at Tacoma, Washington.

4

5              */s/ Jennifer Fernando*
                  JENNIFER FERNANDO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF
STIPULATION AND AGREEMENT OF SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS - 25
18016-1/ASK/824423



1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
T: 253-572-4500
F: 253-272-5732
www.eisenhowerlaw.com

# EXHIBIT 1

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MARY L. JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METRO-GOLDWYN-MAYER STUDIOS INC.; TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC<br><br>Defendants. | **Case No. 2:17-cv-00541-RSM**<br><br>STIPULATION AND AGREEMENT OF SETTLEMENT |

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 2:17-CV-00541-RSM

37734147.1                                    -1-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## **STIPULATION AND AGREEMENT OF SETTLEMENT**

Mary L. Johnson, individually ("Plaintiff") and on behalf of the Settlement Class,[1] on the one hand, and Metro-Goldwyn-Mayer Studios, Inc. ("MGM") and Twentieth Century Fox Home Entertainment LLC ("Fox") (collectively "Defendants") on the other hand (together with Plaintiff, "the Parties"), by and through their counsel of record in this case, hereby stipulate to the settlement and release of the claims asserted by Plaintiff and the Settlement Class against Defendants in *Mary L. Johnson, et al. v. MGM Holdings, Inc., et al.*, United States District Court for the Western District of Washington at Seattle, Case Number 2:17-cv-00541-RSM (the "Action"), upon the terms and conditions of this Stipulation and Agreement of Settlement (the "Stipulation"), subject to the approval of the Court.

## **RECITALS**

WHEREAS, on March 6, 2017, Mary Johnson, individually and on behalf of all others similarly situated filed a putative class action complaint against Fox, MGM, MGM Holdings Inc. ("MGM Holdings"), and Twenty-First Century Fox, Inc. ("Twenty-First Century Fox") in the Superior Court for the State of Washington, County of King (the "Court").

WHEREAS, the complaint alleged that the packaging of certain DVD and Blu-ray box sets of James Bond films was misleading because the packaging used the terms "all" and "every" in describing certain elements of the films but did not include two non-franchise films, the 1967 film titled *Casino Royale* and the 1983 film titled *Never Say Never Again*.

WHEREAS, on April 7, 2017, Defendants removed the Action from the Superior Court to the United States District Court.

WHEREAS, on April 14, 2017, Defendants filed a Motion to Dismiss and Motion to Strike arguing that (1) Plaintiff failed to state a claim because the packaging was not

---

[1] Capitalized terms, if not defined elsewhere, are defined in the "Definitions" section below.

2

1    deceptive; (2) Plaintiff's breach of implied warranty claim failed because there was not

2    privity between the parties; (3) Plaintiff failed to state a claim against MGM Holdings and

3    Twenty-First Century Fox; (4) Plaintiff's nationwide class allegations ought to be stricken

4    because she could not bring a nationwide class under Washington law or a class action under

5    the laws of all 50 states; and (5) Plaintiff's class allegations ought to be stricken because her

6    proposed class was impermissibly overbroad.

7            WHEREAS, on August 3, 2017 the Court issued its Order Granting in Part and

8    Denying in Part Defendants' Motion to Dismiss.

9            WHEREAS, on August 15, 2017, Plaintiff filed a First Amended Class Action

10   Complaint in the United States District Court for the Western District of Washington at

11   Seattle (the "FAC") in the Action suing MGM, Fox, Metro Goldwyn Mayer Inc.; Metro-

12   Goldwyn-Mayer Studios Inc.; Metro-Goldwyn-Mayer Home Entertainment LLC; and

13   Metro-Goldwyn-Mayer Home Entertainment Distribution Corporation.

14           WHEREAS, on August 28, 2017, this Court entered a stipulated order continuing

15   Defendants' deadline to respond to the FAC to November 15, 2017 to allow the Parties time

16   to mediate their dispute.

17           WHEREAS, on September 19, 2017, this Court entered a stipulated order dismissing

18   without prejudice MGM Holdings Inc.; Metro Goldwyn Mayer Inc.; Metro-Goldwyn-Mayer

19   Home Entertainment LLC.; and Metro-Goldwyn-Mayer Home Entertainment Distribution

20   Corporation.

21           WHEREAS, on October 18, 2017, the Parties participated in a full day mediation

22   session with mediator Robert Fairbank and have further participated in additional telephone

23   conferences with the mediator to resolve this dispute.

24           WHEREAS, Defendants have provided to Plaintiff and Plaintiff has reviewed over

25   750 pages of documents relating to the issues raised in the FAC.

26           WHEREAS, Defendants deny all allegations of wrongdoing, fault, or liability or that

27   they have acted improperly in any way; believe that the FAC in this Action lacks merit;

would have continued to vigorously resist Plaintiff's claims and contentions and would have continued to assert their defenses thereto had this Stipulation not been reached; and have entered into this Stipulation to put the claims to rest finally and forever solely for the purpose of avoiding prolonged and expensive litigation, without acknowledging in any way any fault, wrongdoing or liability whatsoever; and

WHEREAS, Plaintiff and her counsel believe that the claims asserted in the Action are meritorious, but they have considered and weighed the issues involved in establishing the validity of their claims and have concluded that, in light of the uncertainty of the outcome as well as the substantial risks and inevitable delay in proceeding to trial, compared to the benefits being provided hereby, the terms and conditions set forth herein are fair and reasonable and should be submitted to the Court for approval.

**NOW THEREFORE**, without any admission or concession on the part of Plaintiff of any lack of merit of the Action, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit in the defenses, **IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval of the Court, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims as against the Released Parties shall be compromised, settled, released and judgment entered, upon and subject to the following terms and conditions.

## **DEFINITIONS**

1.      As used in this Stipulation, the following capitalized terms (not already defined above or as may be defined below) shall have these meanings:

1.1      "Action" means the action entitled *Johnson, et al. vs. MGM Holdings, Inc., et al.*, 2:17-cv-00541-RSM, now pending in the United States District Court, Western District of Washington at Seattle.

1.2      "Affiliate" means a second entity that is related in whole or in part to the first entity as a direct or indirect parent or subsidiary, or is otherwise owned or controlled

4

1    in whole or in part by the first entity or by a direct or indirect parent or subsidiary of the first

2    entity.

3        1.3    "Authorized Claimant" means a Class Member on behalf of whom a

4    timely, valid Claim Form has been submitted.

5        1.4    "Claim Form" means the claim form substantially in the form

6    attached as Exhibit 1 hereto.

7        1.5    "Class Counsel" means Alexander Kleinberg of Eisenhower Carlson

8    PLLC and Alan Statman and Sylvie Derrien of Statman, Harris & Eyrich, LLC.

9        1.6    "Class Member" means a member of the Settlement Class.

10       1.7    "Class Settlement Relief" means the relief set forth in Paragraph 4

11   below.

12       1.8    "Confidential Supplemental Agreement" means the agreement so

13   entitled and signed between the Parties concurrently herewith.

14       1.9    "Effective Date" means the date on which the Settlement

15   contemplated by this Stipulation shall become effective, as set forth in Paragraph 16 below.

16       1.10    "Franchise Film" means a major motion picture authorized by Danjaq

17   Productions and/or Eon Productions featuring the James Bond character.

18       1.11    "James Bond Sets" means the sets sold to the public in the United

19   States under the titles: "Bond 50: Celebrating Five Decades of Bond 007" (SKU numbers

20   M126625, M126627, M129384, M130135, M130146, M132910); "The James Bond

21   Collection" (SKU number M133433); and "The Ultimate James Bond Collection" (SKU

22   numbers M133435, M134821, M134670).

23       1.12    "Named Plaintiff" or "Plaintiff" means Mary L. Johnson,

24   Individually.

25       1.13    "Non-Franchise Films" means the 1967 film entitled *Casino Royale*

26   and the 1983 film entitled *Never Say Never Again*.

27       1.14    "Notice" means the Notice of Pendency of Class Action and Proposed

Settlement, which will be publicly available to Class Members on the Internet and mailed to Class Members upon request substantially in the form attached hereto as Exhibit 2.

1.15    "Preliminary Approval Order" means the order to be entered by the Court, *inter alia*, directing that Notice be provided to the Settlement Class, and scheduling a hearing concerning final approval of the Settlement.

1.16    "Publication Notice" means the summary notice of proposed Settlement and Hearing for publication, substantially in the form attached hereto as Exhibit 3.

1.17    "Released Claims" means any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable or any other type or in any other capacity, or whether concealed or hidden, that were asserted or that could have been asserted, including both known claims and Unknown Claims, that Releasing Parties had in the past, now have, or might in the future have against the Released Parties on the basis of, connected with, or in any way relating to or arising out of a purchase of one or more of the James Bond Sets.

1.18    "Released Parties" means MGM and Fox, including their respective divisions and business units, and any of their respective past, present, or future parent entities, associates, Affiliates, direct and indirect subsidiaries, licensees, grantees, and each and all of its and their respective past, present and future officers, directors, managers, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, Affiliates, associates, parents, direct and indirect subsidiaries, joint ventures and venturers, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, licensees, grantees, licensors, distributors, subdistributors, predecessors, successors and assigns.

1.19    "Releasing Parties" means Plaintiff, the Settlement Class, or any

Class Member and all of their successors and assigns, heirs, agents and attorneys.

1.20    "Request for Exclusion" means a written request to be excluded from the Settlement Class submitted by a member of the Settlement Class in such form, in such manner, and within the time limitation as set forth by the Court.

1.21    "Settlement" means the settlement contemplated by this Stipulation.

1.22    "Settlement Administrator" means a company specializing in the administration of class action settlements.

1.23    "Settlement Class" means the definition set forth in Paragraph 2 below.

1.24    "Settlement Hearing" means the final settlement hearing to be held to determine, among other things, the fairness, reasonableness, and adequacy of the Settlement.

1.25    "Unknown Claims" means any and all Released Claims that the Named Plaintiff, does not know of or suspect to exist in her favor at the time of the release of the Released Parties which, if known by her, might have affected her agreement to the Settlement.  With respect to Unknown Claims, the Named Plaintiff shall be deemed to have, and by operation of the settlement of the Action and upon the Effective Date shall have, hereby expressly waived and relinquished, to the fullest extent permitted by law, the benefits of Section 1542 of the California Civil Code (and all similar provisions from any and all jurisdictions) and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code, which states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Named Plaintiff and Defendants acknowledge, and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was specifically bargained for and a key

element of the Settlement of which this release is a part.

## SETTLEMENT CLASS

2.    <u>Definition of Settlement Class</u>.  Plaintiff shall request that the Court certify for settlement purposes only the following Settlement Class:  All persons and entities (and their successors-in-interest, assigns, and heirs) in the United States that purchased one or more of the James Bond Sets prior to January 31, 2018.

3.    <u>Exclusions from Settlement Class</u>.  Excluded from the Settlement Class are:

3.1    MGM and Fox and any person, trust, firm, corporation or other entity Affiliated with or related to MGM and Fox; and

3.2    Any persons or entities who exclude themselves by submitting a timely Request for Exclusion in accordance with the requirements set forth by the Court.

## CLASS SETTLEMENT RELIEF

4.    All Authorized Claimants shall receive one digital copy of each of the Non-Franchise Films.  If a claimant signs an affidavit stating under penalty of perjury that he/she does not have access to view a digital copy, then the claimant will receive one DVD of each of the Non-Franchise Films.

## SETTLEMENT ADMINISTRATION

5.    <u>Settlement Administrator</u>.  The Parties shall engage a third-party Settlement Administrator to carry out the terms of the Settlement as provided herein.  Plaintiff and Defendants shall jointly agree on the choice of the Settlement Administrator.  Any fees or expenses incurred for the use of a third-party Settlement Administrator will be paid by Defendants.

6.    <u>Notice.</u>  Within thirty (30) days after Preliminary Approval, the Settlement Administrator shall cause the Publication Notice, substantially in the form attached hereto as Exhibit 3, to be placed in major media outlets.  The list of media outlets to be used for Publication Notice shall be established with input from the Settlement Administrator and shall include the New York Times, Los Angeles Times and USA Today.  The Settlement

Administrator may also cause online advertising on Facebook, Twitter and other social media sites.  The Settlement Administrator shall further issue a press release in the form of the Publication Notice to be disseminated to the major media outlets.

7.    Settlement Website.  The Settlement Administrator shall create a website ("Settlement Website") with information about the Settlement.  The Settlement Website shall include copies of the relevant pleadings, the Notice, the Claim Form, and provide updates to the Class Members regarding the status of the Action.

8.    Authorized Claimants.

8.1    In order to receive the Class Settlement Relief, a Class Member must submit a Claim Form.  The Settlement Administrator shall process the Claim Forms to determine whether each claimant is an Authorized Claimant.  A claimant is an Authorized Claimant if he/she timely signs and submits the Claim Form under penalty of perjury attesting to the purchase of one or more James Bond Sets prior to January 31, 2018 and provides proof of that purchase.  Proof of purchase is established by a receipt, invoice, or other document showing proof of purchase.

8.2    The deadline for submission of the Claim Form will be 90 days after the Court grants Preliminary Approval.  A Claim Form shall be deemed to have been submitted when posted, if received with a postmark on the envelope and if mailed by first-class mail and addressed in accordance with the instructions on the Claim Form.  Claim forms may also be submitted by e-mail.  E-mail submission of the Claim Form shall be deemed to have been submitted when actually received.  The originals of all Claim Forms (including any envelopes with the postmarks) received from claimants shall be retained by the Settlement Administrator for a year after the Effective Date.  A claimant will not be an Authorized Claimant if the Claim Form is received after the deadline.

8.3    Any Class Member who is not an Authorized Claimant and who does not file a valid Request for Exclusion will not be entitled to receive the Class Settlement Relief but will otherwise be bound by all of the terms of this Stipulation and the Settlement,

1   including the Releases provided for herein, and will be barred from bringing any action

2   against the Released Parties concerning the Released Claims.

## FUTURE PACKAGING

4   9.      For any James Bond Set shipped by Defendants in the United States after

5   January 31, 2018, Defendants will only use the terms "all" or "every" in describing the

6   included films on the packaging when it is clear from the packaging that it refers to the

7   Franchise Films.  For avoidance of doubt, this does not apply to use of the terms "all" or

8   "every" in regard to any other aspect of the set (e.g., all Daniel Craig James Bond films; all

9   HD films).

## PRELIMINARY APPROVAL

11  10.     Preliminary Approval Order.  Plaintiff shall move the Court for entry of the

12  Preliminary Approval Order.  Defendants agree, solely for purposes of effectuating the

13  Settlement, not to oppose certification of the Settlement Class.  Defendants do not waive and

14  expressly reserve the right to contest class action treatment of Plaintiff's claims in the

15  Action if the Effective Date fails to occur for any reason as set forth in Paragraph 16 below.

## REQUESTS FOR EXCLUSION AND OPT-OUT TERMINATION RIGHT

17  11.     Requests for Exclusion.  Class Members who do not wish to participate in the

18  Settlement shall submit a Request for Exclusion within the deadline established by the

19  Court.

20  12.     Termination Option.  Defendants may terminate the Settlement if, ten (10)

21  days after the deadline for receiving Requests for Exclusion, it determines that the number

22  of Class Members who have submitted Requests for Exclusion exceeds levels set forth in the

23  Confidential Supplemental Agreement (the "Opt Out Threshold").  Requests for Exclusion

24  from persons or entities who do not meet the Settlement Class definition do not count

25  toward the Opt-Out Threshold.  The Parties shall seek to keep the Opt-Out Threshold

26  confidential.  In the event that the Court directs that the Confidential Supplemental

27  Agreement be filed prior to the deadline for submitting Requests for Exclusion, no party

shall have any right to any relief by reason of such disclosure.  In the event of a termination

of this Settlement pursuant to the Confidential Supplemental Agreement: (1) the provisions

set forth in Paragraph 18 apply; and (2) Defendants shall pay all costs incurred by the

Settlement Administrator arising out of the Stipulation.

## CONFIRMATORY DISCOVERY

13.     Confirmatory Discovery.  Prior to the deadline for seeking final approval of

the settlement, Defendants will provide the following information to Plaintiff:

13.1     Number of James Bond Sets sold to third party retailers and

distributors in the United States between March 1, 2012 and September 21, 2017;

13.2     Identification of any questions, complaints, inquiries, comments or

reports (oral or written) from consumers or others in the United States that Defendants

received about the James Bond Sets being incomplete and/or mislabeled that can be located

after a reasonable search;

13.3     Identification of either Defendants' response, if any, to such

questions, complaints, inquiries, comments or reports (oral or written) that can be located

after a reasonable search; and

13.4     Affidavit from Defendants as to the accuracy of the numbers of James

Bond Sets sold to third party retailers and distributors in the United States; the identity of the

corporate representative who supervised the compilation of the sale numbers and the

methodology used to arrive at those numbers.

## JUDGMENT AND RELEASE

14.     Final Judgment.  Subject to Court approval, the Parties to this Stipulation

agree to entry of final judgment in this Action, and to providing for the releases herein.

15.     Release.  Upon the Effective Date, Releasing Parties and each of them shall

be deemed to have, and by entry of judgment of the Action shall have, fully, finally and

forever released, relinquished, and discharged the Released Parties with respect to each and

every Released Claim and shall forever be enjoined from prosecuting any of the Released

Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Claims.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER, AND TERMINATION

16.   <u>Effective Date of Settlement</u>.  The Effective Date of Settlement shall be the date when all the following have occurred:

(a)   entry of the Preliminary Approval Order by the Court;

(b)   final approval by the Court of the Settlement, following notice to the Settlement Class and a hearing;

(c)   entry of judgment; and

(d)   the expiration of any time for appeal or review, or, if any appeal is filed and not dismissed, after the final approval order is upheld on appeal in all material respects and is no longer subject to review upon appeal or by writ of certiorari.

17.   <u>Termination after Court Disapproval or Modification</u>.  In addition to MGM and Fox's rights under Paragraph 12, Defendants or Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for the other party hereto within thirty days of the Court's (a) declining to enter the Preliminary Approval Order; or (b) declining to approve the Settlement embodied in this Stipulation, or any material part of it.

18.   <u>No Prejudice in Event of Termination</u>.  If the Effective Date fails to occur for any reason, (i) the Settlement shall be without prejudice and none of its terms shall be effective or enforceable; (ii) the certification of the Settlement Class shall be deemed null and void; (iii) each Party shall retain all of its respective rights, positions, and defenses as they existed prior to execution of this Stipulation; (iv) any findings or stipulations regarding certification of the Settlement Class will be automatically vacated upon notice to the Court of this Stipulation's termination or disapproval and the Action may proceed as though no certification of the Settlement Class had occurred; (v) Plaintiff shall not raise or rely upon any such findings, stipulations, or certification relating to the Settlement Class in connection

with any subsequent request for class certification; (vi) neither this Stipulation, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Stipulation, shall be admissible or used for any purpose; and (vii) no materials shared between the parties solely for settlement discussions or settlement purposes shall be admissible or used for any purpose in the Action.

## ATTORNEYS' FEES, EXPENSES, AND ENHANCEMENT AWARD

19.     Attorneys' Fees.  Class Counsel will apply to the Court for an award of attorneys' fees and expenses in an amount not to exceed $350,000.00.  Defendants agree not to oppose or to submit any evidence or argument challenging or undermining such application for attorneys' fees, costs, or expenses.

20.     Disapproval of Fee Award.  Notwithstanding anything contained herein to the contrary, in the event that the Court does not approve the award of attorneys' fees and expenses requested by Class Counsel, or the Court awards attorneys' fees and expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to terminate or void the Settlement or for rendering the entire Settlement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the Court's award of attorneys' fees and costs.

21.     Payment of Attorneys' Fees.  The amount awarded by the Court shall be payable by Defendants to Class Counsel by delivery of check(s) or other negotiable instrument(s) or by wire transfer(s) within thirty (30) days after the Effective Date and receipt by Defendants of a complete and accurate W-9 form and other forms reasonably necessary to effect payment.

22.     Enhancement Awards to Named Plaintiff.  Plaintiff will apply to the Court for an award of $5,000.00 for the Named Plaintiff for her service as the class representative. The enhancement award is payable by Defendants to Class Counsel by delivery of check(s) or other negotiable instrument(s) or by wire transfer(s) within thirty (30) days after the

Effective Date and receipt by Defendants of a complete and accurate W-9 form and other forms reasonably necessary to effect payment.

## **MISCELLANEOUS PROVISIONS**

23.    <u>Exhibits Incorporated by Reference</u>.  All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

24.    <u>Final and Complete Resolution</u>.  The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or that could be or could have been asserted by the Plaintiff, the Settlement Class, and/or any of the Class Members against the Released Parties with respect to the Released Claims and the Action. Defendants  agree not to assert that the Action was brought in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims for costs or sanctions relating to the prosecution, defense, or settlement of the Action.

25.    <u>Settlement Fairly Negotiated</u>.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily by the Parties after consultation with their respective experienced legal counsel.

26.    <u>No Oral Modifications</u>.  This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by counsel for all Parties hereto or their successors-in-interest.

27.    <u>Headings Have No Legal Effect</u>.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

28.    <u>Court Retains Jurisdiction</u>.  The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for award of attorneys' fees and expenses to Class Counsel, and enforcing the terms of this Stipulation.

29.    <u>Warrant of Authority</u>.  All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and

represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

30.     <u>Successors and Assigns</u>.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

31.     <u>Choice of Law</u>.  The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that preemption by federal law requires that federal law govern.

32.     <u>Stipulation Jointly Drafted</u>.  This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized by the Parties that this Stipulation is the result of arm's length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

33.     <u>Effect of Waiver</u>.  The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

34.     <u>Integration</u>.  This Stipulation and its exhibits and the Confidential Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

35.     <u>Execution in Counterparts</u>.  This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A fax, electronic and/or scanned PDF signature or other copy of a signed counterpart shall be deemed an original and shall have the same force and effect as a signed original.

36.    <u>No Representations About Tax Consequences</u>.  No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by Class Counsel or counsel for Defendants nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

37.    <u>Intent of Parties</u>:  The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

Dated:                                          MARY L. JOHNSON, individually and on behalf of
1-31-18                                         others similarly situated


By:  Mary L. Johnson

Dated:                                          METRO-GOLDWYN-MAYER STUDIOS INC.


By:  _____

Title:  _____

Dated:                                          TWENTIETH CENTURY FOX HOME
                                                ENTERTAINMENT LLC


By:  _____

Title:  _____

1     36.    <u>No Representations About Tax Consequences</u>.  No opinion or advice

2 concerning the tax consequences of the proposed Settlement to individual Class Members is

3 being given or will be given by Class Counsel or counsel for Defendants nor is any

4 representation or warranty in this regard made by virtue of this Stipulation.  Each Class

5 Member's tax obligations, and the determination thereof, are the sole responsibility of the

6 Class Member, and it is understood that the tax consequences may vary depending on the

7 particular circumstances of each individual Class Member.

8     37.    <u>Intent of Parties</u>.  The Parties hereto: (a) acknowledge that it is their intent to

9 consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate

10 and implement all terms and conditions of this Stipulation and to exercise their best efforts

11 and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

13 Dated:                  MARY J. JOHNSON, individually and on behalf of
others similarly situated

16 By: _____

18 Dated:                  METRO-GOLDWYN-MAYER STUDIOS INC.

20 By: _____

22 Title: _____**CHIEF LEGAL OFFICER**_____

23 Dated:                  TWENTIETH CENTURY FOX HOME
ENTERTAINMENT LLC

26 By: _____

27 Title: _____

16

1       36.   No Representations About Tax Consequences. No opinion or advice

2   concerning the tax consequences of the proposed Settlement to individual Class Members is

3   being given or will be given by Class Counsel or counsel for Defendants nor is any

4   representation or warranty in this regard made by virtue of this Stipulation. Each Class

5   Member's tax obligations, and the determination thereof, are the sole responsibility of the

6   Class Member, and it is understood that the tax consequences may vary depending on the

7   particular circumstances of each individual Class Member.

8       37.   Intent of Parties. The Parties hereto: (a) acknowledge that it is their intent to

9   consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate

10   and implement all terms and conditions of this Stipulation and to exercise their best efforts

11   and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

12

13   Dated:                         MARY J. JOHNSON, individually and on behalf of

14                                      others similarly situated

15

16                                By: _____

17

18   Dated:                         METRO-GOLDWYN-MAYER STUDIOS INC.

19

20

21                                By: _____

22                                Title: _____

23   Dated:                         TWENTIETH CENTURY FOX HOME

24                                    ENTERTAINMENT LLC

25

26                              By: _____

27                                Title: _____

                                       Harris Kane
                                       Assistant Secretary
                                       Twentieth Century Fox and
                                       Twentieth Century Fox Home Entertainment LLC

16

# EXHIBIT 1

MGM-FOX JAMES BOND BOX SET CLASS SETTLEMENT
[Insert Settlement Administrator Address]

## IMPORTANT LEGAL MATERIALS

| FOR OFFICIAL USE ONLY |
| --- |
| 01 |
| Page 1 of 2 |

# CLAIM FORM

**MGM-FOX JAMES BOND BOX SET CLASS SETTLEMENT**

If you wish to receive benefits from this Settlement, please complete, sign, and return this Form, with the necessary attachments, postmarked by _____, **2018,** to:

MGM-Fox James Bond Box Set Class Settlement
P.O. Box 0000
City, ST 00000 [fill in]

You may also email this form and attachments by _____, **2018**, to:

[Insert Settlement Administrator Email]

You are eligible to receive the benefits of this Settlement if you purchased any of the following "James Bond Box Sets" in the United States: "Bond 50: Celebrating Five Decades of Bond 007" (SKU numbers M126625, M126627, M129384, M130135, M130146, M132910); "The James Bond Collection" (SKU number M133433); and "The Ultimate James Bond Collection" (SKU numbers M133435, M134821, M134670) prior to January 31, 2018 **and** you timely file this Claim Form with a valid attachment.

**If you are not sure how to answer any question on this Claim Form or have questions about your rights or this Settlement, please contact the Settlement Administrator or Class Counsel at:**

[Insert contact information]

**MGM-FOX JAMES BOND BOX SET CLASS SETTLEMENT**

MGM-Fox James Bond Box Set Class Settlement
P.O. Box 0000
City, ST 00000 [fill in]
Email

**Please complete the information below.**

Name: _____

Address: _____

City: _____ State: ___ ___ Zip Code: ___ ___ ___ ___ ___

Email: _____

Title of James Bond Box Set Purchased: _____

Date of Purchase: _____

If you qualify for relief under the Settlement, you will receive one digital copy of the 1967 film entitled *Casino Royale* and one digital copy of the 1983 film entitled *Never Say Never Again*.  If you do not have access to view a digital copy, please explain the nature of those circumstances below.  Otherwise, leave this section blank.

I have attached as proof of purchase (including date of purchase) one of the following (please mark the appropriate category):

_____a receipt

_____an invoice

_____another document showing proof of purchase.  Please describe the document attached:

I certify under penalty of perjury that the information contained on this form is true and correct.

Signature: _____ Date ___ ___ / ___ ___ / ___ ___ ___ ___

* *Your contact information is confidential and will be shared only with the Settlement Administrator and the lawyers for the parties in the case.*

# EXHIBIT 2

**<u>United District Court for the Western District of Washington</u>**

**If You Have Purchased a James Bond DVD or Blu-Ray Box Set You May Benefit from a Class Action Settlement**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit involving packaging for certain James Bond DVD and Blu-ray box sets distributed by Metro-Goldwyn-Studios Inc. ("MGM") and Twentieth Century Fox Home Entertainment LLC ("Fox") (collectively "Defendants"). The settlement is not an admission of wrongdoing and the Court has not decided who is right and who is wrong. Instead, the parties decided to settle the dispute.

- You may be a Class Member if you purchased any of the following James Bond DVD or Blu-ray box sets: "Bond 50: Celebrating Five Decades of Bond 007" (SKU numbers M126625, M126627, M129384, M130135, M130146, M132910); "The James Bond Collection" (SKU number M133433); and "The Ultimate James Bond Collection" (SKU numbers M133435, M134821, M134670).

- This settlement provides Class Members that timely file a valid claim form with a digital copy of the 1967 film entitled *Casino Royale* and the 1983 film entitled *Never Say Never Again*. You may receive these benefits if you qualify.

- You have to take action on or before _____ in order to exercise certain of your legal rights and options in the Settlement, which are set forth below and in this notice. Please read this Notice carefully. Your legal rights may be affected, whether you act or do not act.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | This is the only way to get benefits from this Settlement. |
| **EXCLUDE YOURSELF** | <ul><li>Excluding yourself means you **<u>get no benefits</u>** from this Settlement.</li><li>This is the only option that allows you to keep any rights you currently have to negotiate with or sue Defendants concerning the claims alleged in this case.</li><li>*See Questions 12–14.*</li></ul> |
| **OBJECT TO THIS SETTLEMENT** | <ul><li>If you do not exclude yourself, you may write to the Court about why you do not like this Settlement. *See Questions 17–18.*</li></ul> |
| **GO TO THE HEARING** | <ul><li>Ask to speak in Court about your opinion of this Settlement</li></ul> |

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 1 -

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................................ **3**
1. What is this Notice? ....................................................................................................... 3
2. What is this lawsuit about? ........................................................................................... 3
3. Why is this lawsuit a class action? ............................................................................... 3
4. Why is there a settlement? ........................................................................................... 3

**WHO IS IN THE SETTLEMENT** ........................................................................................ **3**
5. What is the Class definition? ........................................................................................ 3
6. How do I know if I am part of this Settlement? ........................................................... 4
7. I'm still not sure if I am included. ................................................................................. 4

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ........................... **4**
8. What does this Settlement Provide? ............................................................................. 4
9. How do I get benefits? ................................................................................................... 4
10. When will I get the films? ............................................................................................. 5
11. What am I giving up to get benefits and stay in the Settlement? ................................ 5
12. How do I get out of the Settlement? ............................................................................. 5
13. If I do not exclude myself, can I sue the Defendants for the same thing later? ........... 6
14. If I exclude myself, can I get benefits from the Settlement? ......................................... 6

**THE LAWYERS IN THE CASE** ........................................................................................... **6**
15. Who Are the Lawyers in This Case ............................................................................... 6
16. How Are Class Counsel being paid? Are the Class Representatives being paid? ............ 6

**OBJECTING TO THE SETTLEMENT** ................................................................................. **7**
17. How do I tell the Court that I do not like the Settlement? ........................................... 7
18. What's the difference between objecting and excluding yourself? ................................ 7

**THE COURT'S FAIRNESS HEARING** ................................................................................ **7**
19. When and where will the Court decide whether to approve the Settlement? ................. 7
20. Do I have to come to the Fairness Hearing? .................................................................. 8
21. May I speak at the Fairness Hearing? ........................................................................... 8

**GETTING MORE INFORMATION** ....................................................................................... **8**
22. How do I get more information about the Settlement? .................................................. 8

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 2 -

## BASIC INFORMATION

### 1.   What is this Notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give final approval to this Settlement. This Notice explains the lawsuit, this Settlement, and your legal rights.

Judge Ricardo S. Martinez, of the United States District Court, Western District of Washington, is overseeing this case. The case is *Johnson v. MGM Holdings, Inc. et. al..* (Case No. 2:17-cv-00541-RSM). The person who sued is called the "Plaintiff." The "Defendants" are Metro-Goldwyn-Mayer Studios Inc. ("MGM") and Twentieth Century Fox Home Entertainment LLC ("Fox").

### 2.   What is this lawsuit about?

This lawsuit claims that the Defendants did not properly label and market certain James Bond DVD and Blu-ray box sets.

### 3.   Why is this lawsuit a class action?

In a class action lawsuit, one or more people, called "Class Representatives," (in this case, Mary L. Johnson) sue on behalf of people who have similar claims. All these people together are a "Class" or "Class Members." In a settlement of a class action, one court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class (*see Question 12*).

### 4.   Why is there a settlement?

The Court has not determined who is right. Rather, both sides have agreed to settle the lawsuit to avoid the uncertainties and expenses of continuing the lawsuit. By agreeing to settle, both sides avoid the cost and risk of a trial, and the people affected will get a chance to receive benefits. The Class Representative and her attorneys think this Settlement is best for all Class Members. This Settlement does not mean that Defendants did anything wrong.

## WHO IS IN THE SETTLEMENT

### 5.   What is the Class definition?

Class members are all persons and entities (and their successors-in-interest, assigns, and heirs) in the United States that purchased prior to January 31, 2018 one or more of the following James Bond DVD or Blu-ray box sets:  "Bond 50: Celebrating Five Decades of Bond 007" (SKU numbers M126625, M126627, M129384, M130135, M130146, M132910); "The James Bond Collection" (SKU number M133433); and "The Ultimate James Bond Collection" (SKU numbers M133435, M134821, M134670).

Excluded from the Settlement Class are:  MGM and Fox and any person, trust, firm, corporation or other entity Affiliated with or related to MGM and Fox; and any persons or entities who exclude themselves by submitting a timely Request for Exclusion in accordance with the requirements set forth by the Court.

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 3 -

**6.   How do I know if I am part of this Settlement?**

To determine if you are part of this Settlement and your rights under the Settlement, ask yourself this series of questions:

| Question | Yes | No |
|---|---|---|
| Did you purchase one or more of the following James Bond DVD or Blu-ray box sets:  "Bond 50: Celebrating Five Decades of Bond 007" (SKU numbers M126625, M126627, M129384, M130135, M130146, M132910); "The James Bond Collection" (SKU number M133433); and "The Ultimate James Bond Collection" (SKU numbers M133435, M134821, M134670)? | Continue | You are not a Class Member |
| Did you purchase it in the United States? | Continue | You are not a Class Member |
| Did you purchase it before January 31, 2018? | You are a Class Member | You are not a Class Member |

**7.   I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get help by contacting the Settlement Administrator using any of the methods listed in Question 22.

**You are not required to pay anyone to assist you in obtaining information about the settlement**.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**

**8.   What does this Settlement Provide?**

All Class Members that file a timely, valid claim form will receive one digital copy of the 1967 film entitled *Casino Royale* and one digital copy of the 1983 film entitled *Never Say Never Again*.

9.   **How do** I **get benefits**?

If you want to receive the digital copies of the 1967 film entitled *Casino Royale* and the 1983 film entitled *Never Say Never Again*, you must mail or email your completed Claim Form postmarked on or before _____ to:

James Bond Box Set Class Settlement
P.O. Box 0000 [fill in]
City, ST 00000 [fill in]
Email Address [fill in]

Claim Forms are available at *[www._____.com]*. Claim Forms are only valid if timely submitted with proof of purchase.

## 10. When will I get the films?

Digital download codes for the films will be provided to eligible Class Members after the Court grants "final approval" of the Settlement and after any appeals are resolved.

The Court will hold a Fairness Hearing on _____ (Pacific time) to decide whether to approve the Settlement. **If you want to attend the hearing, keep in mind that the date and/or time may be changed after this Notice is sent, so you should check the settlement website (www._____settlement.com) before making travel plans.**

If the Court approves the Settlement (*see Questions 19–21*), there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient. You can check for updates and other important information by using any of the methods listed in Question 22.

## 11. What am I giving up to get benefits and stay in the Settlement?

If this Settlement receives final approval from the Court, this Settlement will be legally binding on all Class Members, including Class Members who object, unless you exclude yourself from the Settlement. This means you will not be able to sue Defendants for the claims being released in this Settlement. This Notice is only a summary. The specific claims that you are giving up against Defendants are described in detail in the Settlement Agreement. You will be "releasing" Defendants and all related entities (the "Released Parties") as described in the Settlement Agreement. The Settlement Agreement is available at www._____settlement.com or by calling 1-___-___-____.

If you, or someone acting on your behalf, are currently litigating claims against MGM, Fox or the other Released Parties, you will be barred from pursuing the claims released by this Settlement unless you validly "opt out" as described below. If you are currently litigating claims against MGM, Fox or the other Released Parties, speak to your lawyer in that matter immediately.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions, you can talk to Class Counsel listed in Question 15or you can, of course, talk to your own lawyer if you have questions about what this means.

## 12. How do I get out of the Settlement?

To exclude yourself, you must mail a letter that includes:

• Your full name, current address, telephone number, and signature;

• A statement that you are a Class Member and that you "request to be excluded from the class settlement in the James Bond Box Set Settlement."

You must personally sign your written "opt-out" request and email or mail it postmarked by _____ to:

James Bond Box Set Settlement<br>
[Insert Address]

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 5 -

**13. If I do not exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself from the Settlement, you give up any right to sue the Defendants for the claims that are resolved by the Settlement. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. **Remember, the exclusion deadline is _____.**

**14. If I exclude myself, can I get benefits from the Settlement?**

No. If you exclude yourself from the Settlement, you will not be able to get any benefits from the settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Settlement.

## THE LAWYERS IN THE CASE

**15. Who Are the Lawyers in This Case**

<u>Class Counsel</u>

The Court has appointed the law firms listed below to represent you and other Class Members in the Settlement. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you want to contact Class Counsel about this Settlement, they can be reached through the Settlement Administrator by calling [_____] or sending an email to [_____].

| [Insert] | |
|---|---|
| | |

**16. How Are Class Counsel being paid? Are the Class Representatives being paid?**

Class Counsel will ask the Court for an award of attorneys' fees and expenses in the Settlement (the "Fee and Expense Award"), which will be paid by Defendants:

<u>Attorneys' Fees and Expenses</u>

Class Counsel will ask the Court to approve payment to them of $350,000.00, which will be paid by Defendants.

<u>Incentive Awards to the Class Representative</u>

Class Counsel will ask the Court to approve a $5,000.00 payment (called an "Incentive Award") to Plaintiff Mary L. Johnson.  Any Incentive Award ordered by the Court will be in addition to what that Class Representative is eligible to receive from her claim.

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 6 -

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I do not like the Settlement?

If you do not exclude yourself, you may object to the Settlement. To object, you must **mail or email** your objection to the Settlement Administrator. To be timely, your objection must be mailed or emailed to the Settlement Administrator so that it is **postmarked or received** by _____ at the following addresses:

[Insert]

#### You must include the following information:

- Your full name, current address, telephone number, and signature.
- The settlement to which you are objecting:
  - "James Bond Box Set Settlement."
- Your objections and the specific reasons why you object.
- State whether you intend to appear at the Fairness Hearing, either in person or through counsel.
- If you are represented by separate counsel, the name, address, bar number, and telephone number of all attorneys who will represent you.
- A list of any other objections submitted by you, or your separate counsel, to any class action settlements submitted in any court in the United States, whether state, federal or otherwise, in the previous five years. If you or your separate counsel has not objected to any other class action settlement in any court in the United States in the previous five years, you or your counsel shall affirmatively so state in the written objection.

Please note that any objections must be submitted by an individual Class Member, his or her legally authorized representative, or his or her attorney—not as a member of a group, class, or subclass.

### 18. What's the difference between objecting and excluding yourself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to a settlement only if you stay in that settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the Settlement anyway, you will still be legally bound by the result.

## THE COURT'S FAIRNESS HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a "Fairness Hearing" (also known as a "Final Approval Hearing") to decide whether to finally approve the proposed Settlement. The Fairness Hearing will be on _____ before _____ at _____. If you want to attend the Fairness Hearing, keep in mind that the date and/or time may be changed after this Notice is sent, so you should check the Settlement Website (www._____settlement.com) before making travel plans.

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 7 -

At the Fairness Hearing, the Court will consider whether the proposed Settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the Hearing and have complied with the other requirements for objections explained in Question 17. The Court may also decide how much to award Class Counsel for fees and expenses, and whether and how much to award the Class Representative for representing the Class (the Incentive Award).

**There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when the settlement will become final.**

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website.

### 20. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions asked by the Court.

If you send an objection, you do not have to come to Court to talk about it. So long as you mailed or emailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the Fairness Hearing?

Yes. If you submitted a proper written objection to the Settlement, you or your lawyer may, at your own expense, come to the Fairness Hearing and speak. To do so, you must follow the procedures set out in Question 17. You must also file a Notice of Intention to Appear, which must be mailed to the Settlement Administrator so that it is **postmarked no later than** _____ and it must be **filed** with the Clerk of the Court by that same date. If you intend to have a lawyer appear on your behalf, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than _____. See Question 15 for the addresses of the Settlement Administrator . You cannot speak at the Fairness Hearing if you excluded yourself.

### GETTING MORE INFORMATION

### 22. How do I get more information about the Settlement?

This Notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement, available at www._____settlement.com.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| **CALLING** | • Call the Settlement Administrator toll-free at 1-___-___-____ to ask questions and receive copies of documents. |
| **E-MAILING** | • Email the Settlement Administrator at _____ |
| **WRITING** | • Send your questions by mail to **[Insert]** |

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 8 -

| VISITING THE SETTLEMENT WEBSITE | • www._____settlement.com, where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you. |
| REVIEWING LEGAL DOCUMENTS | • You can review the legal documents that have been filed with the Clerk of Court in this case at the United States District Court for the Western District of Washington, 700 Stewart St., Seattle, WA 98101 |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUIT, THE SETTLEMENT, OR THIS NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

DATED: _____, 2018                            BY ORDER OF THE COURT

37734523.1 QUESTIONS? CALL 1-___-___-____ TOLL-FREE, OR VISIT www._____settlement.com.

- 9 -

# EXHIBIT 3

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**If You Have Purchased a James Bond Movie Set on DVD or Blu-Ray You May Benefit from a Class Action Settlement**

**What is This Settlement About?**

A settlement has been reached in a class action lawsuit over how Metro-Goldwyn-Mayer Studios Inc. ("MGM") and Twentieth Century Fox Home Entertainment LLC ("Fox") (collectively "Defendants") marketed certain James Bond movie sets.  The settlement is not an admission of wrongdoing and the Court has not decided who is right and who is wrong.  Instead, the parties decided to settle the dispute.

**Am I a Class Member?**

You may be a Class Member if you purchased any of the following James Bond box sets on DVD or Blu-Ray:  "Bond 50: Celebrating Five Decades of Bond 007" (SKU numbers M126625, M126627, M129384, M130135, M130146, M132910); "The James Bond Collection" (SKU number M133433); and "The Ultimate James Bond Collection" (SKU numbers M133435, M134821, M134670).  To obtain more information regarding whether you are a Class Member, please visit **www._____** or call **1-___-___-____**.

**What Does the Settlement Provide?**

This settlement provides Class Members that timely file a valid claim form with a digital copy of both the 1967 film entitled *Casino Royale* and the 1983 film entitled *Never Say Never Again*.  You may receive these benefits if you qualify.

**What Are My Options?**

You have the following rights and options as a Class Member.  You have to take action on or before _____, 2017 in order to exercise your legal rights and options under the settlement.  Please visit the **www._____settlement.com** or call **1-___-___-____** for more information on your rights and options.

| | |
|---|---|
| **FILE A CLAIM FORM** | If you believe you are a Class member and would like to receive the settlement benefits, you can submit a claim form by _____ .  You can only obtain the benefits of the settlement if you timely file a valid claim form.  Claim forms can be obtained at www._____settlement.com or by calling **1-___-___-____**. |
| **EXCLUDE YOURSELF** | Excluding yourself means you get no benefits from this Settlement**.**  This is the only option that allows you to keep any rights you currently have to negotiate with or sue Defendants about the claims in this case. |
| **OBJECT TO THIS SETTLEMENT** | You may write to the Court about why you do not like this Settlement. |
| **ATTEND THE FAIRNESS HEARING** | You may ask to speak in court about your opinion of the settlement at the Fairness Hearing.  The Fairness Hearing  is currently scheduled for_____ at _____. |
| **DO NOTHING** | If you do nothing, you will still be bound by the Settlement. |

**How Can I Obtain More Information?**

This notice summarizes the proposed settlement.  You can view the complete Settlement Agreement, Long Form Notice and certain court documents at **www._____settlement.com**; or call **1-___-___-____**to obtain more information.